APRIL 20, 1803.

# John Morford v. Richard S. Thomas.

*Upon a writ of error to reverse a decree of the Washington District Court.*

Proceedings against officers for false returns on executions must be by action and not by motion.

The first error assigned is, "no motion will lie for the money levied on an execution on the officer's return of satisfied and paid to the plaintiff; but the proceedings should be by action for a false return, either for the penalty imposed by law, or for damages." It was contended for the defendant that the return of the officer should respond to the execution and be in form prescribed by law; that by severing the return, the first part of it would be sufficient to authorize the proceeding by *motion*, and that the latter part should be rejected as surplusage, not being responsive to the command of the writ, and that fraudulent sheriffs by making such additions to their returns, would defeat the beneficial provisions and remedies intended to be given by motion. The first part of the argument may prove too much, if it were true that in every case the return of the officer was to respond to the execution and be in the form prescribed by law. It may be doubted whether a motion could be sustained for money levied on an execution by a sheriff, but in cases where such returns are made; therefore, this position is believed not to be correct. As to severing the return no case has been, and it is believed none can be produced, where this has been done, nor can the court conceive it to accord with the principles of law and justice to do so, any more than to sever or garble the *confession* of a party, where the whole should be taken together. The provision made and remedy given by statute, to proceed by way of motion, is summary, and, therefore, must be literally and substantially pursued; otherwise, in any case (as in this), where a party conceived that an officer had made a false return on an execution, he would proceed by motion, avoid the provision by action, and thereby deprive the officer of the trial by jury to ascertain the fact, as to the truth or falsehood

of his return. This would be inverting the rule, that the judges are to decide matters of law, juries matters of fact, for in such proceedings the judges will decide both law and fact.

The other error relied on is, "No motion is authorized by law in this case against the coroner and his securities." Of this opinion is the court. Wherefore, it is adjudged and ordered, that the said judgment be reversed with costs, which is ordered to be certified to the said court.