Freeman, J.,
delivered the opinion of the court:
This -bill is filed to assert what is called am equitable set off, on substantially the following facts:
It seems, in 1865, Nelson bought of Hoss, a quantity of spun cotton, paying him for the same, among other thing's, an account or claim against the "United States. This was indorsed with a guaranty for upwards of five hundred dollars, in the event of failure to collect the claim. Hoss sued on this, and recovered judgment by default, no defense *504 having been made to the action. A writ of error coram nobis was applied for by Nelson, to set aside said judgment, ■which w'as dismissed. By this proceeding, it seems Nelson sought to set up the matter now insisted on — that is, failure of consideration — because he failed to get the spun cotton from Hoss, which was to be delivered on an order given at the time of this transaction.
The writ of error coram nobis was dismissed, on appeal to this court, for want of showing the party was not in default for'not making his defense, the court holding the party had failed to make out a case for relief for this cause. He now files this bill, alleging that Hoss is insolvent, and that he is entitled to recover back the consideration paid for the spun cotton, because of failure to get the same, after demand, in July, 1865., and a demand at same time for a return 'of the amount paid.
It is sought to avoid the statute of limitations, because this suit w'as brought within a year after the termination of the suit for writ of error coram nobis.
The bill w'as demurred to because the right of action was barred by statute of limitations, as appeared from face of the bill.
The liability unquestionably accrued when the failure to deliver the cotton occurred, in July, 1865, and demand w'as made for return of the consideration. The statute commenced to run 1st of January,. 1861 [see Code, sec. 4454, and const, sched., sec. 4], and would be a bar, unless the party is saved by sec. 2755 of the Code [Shannon’s Code, sec. 4446].
That, section is: “If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest.”
*505 The question is, first, was the writ of error.coram nobis a suit commenced to enforce this claim; and, second, was the judgment in that case rendered upon any ground concluding the party’s right of action? '
Our first impression was, that the statute did not apply, but on a more careful consideration, we conclude that the case is within its provisions, on a fair and liberal construction of it, such as should be given in favor of a right.
A set-off is in the nature of a cross-action under our law, and is one of the modes of asserting a claim well defined, in which, for the time, and in his turn, the defendant becomes actor or plaintiff.
The suit for writ of error coram nobis was prosecuted for the purpose of asserting in the form of set-off the claim now sought to be enforced. It failed, and the party failed to have this right of action determined, not because he had no right of action against the other party, but simply because he had been negligent in not making defense to the-former suit; therefore, had failed to show that there was no fault on his part. But this only denied him the particular remedy by writ of error coram nobis, but did not adjudge that he had no cause of action in a proper proceeding. In other words, the judgment in that case did not conclude his right of action, but only denied the right to the particular form of remedy by which he had sought to enforce that right.
These propositions being assumed, it follows the party is not concluded by the result of that suit, and he has commenced his new action within a year after failure for the above cause, and is not repelled by the proceedings and judgments therein rendered.
The result is, that the decree below will be reversed, and the case remanded to be further proceeded in, defendant paying the costs of this court, costs of court below to be disposed of by chancellor on final hearing.