ED. BOLIN v. THE STATE.

CRIMINAL LAW. *Evidence. Dying declarations.* The State proved, without objection, that the deceased being *in extremis* and in apprehension of death, stated that the prisoner had mortally wounded her with an axe; the defence afterwards introduced evidence tending to prove the insanity of the declarant; the trial judge charged the jury, that the sanity of the declarant was a question of fact for them to determine; it was insisted upon appeal that the judge should himself have determined the question of the sanity of the declarant. *Held,* that the defendant should have objected to the admission of the declaration, if he desired to raise the sanity of the declarant as a preliminary question; that the judge could not be put in error for admitting evidence, unobjected to at the time and competent in the shape presented, by other evidence subsequently introduced; and though it would have been his duty to withdraw the declarations from the jury if he had been convinced of the declarant's insanity, yet his action in not withdrawing the declarations implies that he thought the declarant sane, and, if erroneous, defendant could not complain, since the judge gave the jury the power to find this question, which he had thus impliedly determined against the prisoner, in the prisoner's favor.

FROM HANCOCK.

Appeal in error from the Circuit Court of Hancock county.   N. HACKER, J.

KYLE & MCDERMOTT for Bolin.

ATTORNEY-GENERAL LEA for the State.

TURNEY, J., delivered the opinion of the court.

The prisoner was indicted in the circuit court of Hancock county for the murder of his wife, Mary Bolin.   Was convicted of murder in the second de-

gree; sentenced to ten year's imprisonment in the penitentiary, and now appeals to this court.

The assignment of error is, upon evidence that on the day previous to her death the deceased said: "Them licks that Bolin gave her was killing her, and she was nearly gone; he killed her with an axe." "That she could not live till morning."

There was evidence introduced tending to impeach, as well as sustain the sanity of the deceased. No objection was made to the admissibility of the testimony.

In his instructions to the jury the court said: "I have permitted the dying declarations of the deceased to go before you," etc.,   *   *   *   *   It is insisted that the deceased was not of sound mind, and that on that account her dying declarations should be dis-- regarded. The law presumes every person to be of sound mind until the contrary is shown. If you shall be satisfied from the evidence that the deceased, at the time of making the dying declarations, was of such unsound mind as not to be able to know and understand what she was saying, and to properly understand the nature, import and character of what she was saying, then the dying declarations should be disregarded by the jury. But if you are satisfied that at the time of making the dying declarations, she properly understood what she was saying, etc., you will give such weight," etc.

It is now argued this was error, that it was the duty of the trial judge, without the aid of the jury, to determine the competency of the evidence on the proof as to the state of the declarant's mind.

We are referred to *Smith* v. *The State,* 9 Hum., 10, and *Brakefield* v. *State,* 1 Sneed, 214. In the first, Judge Turley says: "Testimony of this character is only admitted from necessity, and an abuse of it is guarded against by the law with the most minute particularity."

There is no one principle better established than that such declarations shall not be received unless the proof clearly shows that the deceased was *in extremis,* and that he or she at the time of making them, was fully conscious of that fact, not as a thing of surmise and conjecture, or apprehension, but as a fixed and inevitable fact. And of this the judge is to determine alone, without the aid of the jury, for the jury shall not have such declarations till the judge has determined that they are dying declarations, lest peradventure they may control their judgment, etc.

The second case refers to and approves *Smith's* case. As presented by the transcript before us, the testimony of dying declarations was given before a question of sanity was made. The court had no notice of the purpose of the defense to make the question. So under such facts, the rule in all respects having been complied with, it was the duty of the court to admit the evidence of the declarations. A court cannot be put in error for admitting testimony clearly competent in the shape in which it is presented, because it may afterwards turn out that the defendant had in his keeping evidence which might change the opinion of the court, but which he withheld until a later stage in the course of the trial.

If under the latter state of circumstances, the evidence had been shown to be incompetent, it would have been the duty of the court to have withdrawn it from the jury and warned it against giving it any weight in its deliberations. We must presume the court did its duty in leaving the testimony with the jury. We think the deceased was of sufficient mind to understand her language and appreciate her condition.

If it was error in the court to submit the question of sanity to the jury (a question we do not decide), it is one of which the prisoner cannot complain, as the court put it in the power of the jury to disregard his holding against the prisoner and determine the question of sanity for itself.

Upon the facts of the case we are satisfied the jury meant to be as lenient as its conscience would at all allow.    Affirmed.