W. H. BRUNDIGE *et ux. v.* NASHVILLE, CHATTANOOGA &
ST. LOUIS RAILWAY COMPANY.

*(Nashville.* December Term, 1903.)

1.  **SEPARATE ESTATE.** Married woman's recovery for personal
    injuries is her separate estate.

    The recovery of a married woman for personal injuries by her
    suit, in which her husband joins merely for conformity, which is
    not a suit to recover damages resulting to him for loss of his
    wife's services, is in her name and for her use, and is her
    separate estate, and is not subject to the control and marital
    rights of her husband. (*Post, p.* 529.)

2.  **ACCORD AND SATISFACTION.** Made by married woman
    with assent and approval, and joinder of her husband.

    A contract of accord and satisfaction for personal injuries to a
    married woman may be made by her, with the assent and ap-
    proval of her husband, by his joining with her in the same,
    or by his signing the same, and indorsing his approval thereon.
    (*Post, p.* 529.)

3.  **SAME.** Set aside for fraud in the action at law, when relied
    upon.

    An accord and satisfaction, when relied on in an action at law,
    may be set aside and disregarded or repudiated and annulled
    for fraud or misrepresentation, either in the execution of the
    contract or in the inducement to the execution, and may be
    so set aside in such action at law, and it is not necessary to
    resort to the chancery court for such purpose. (*Post, pp.* 529-
    531.)

    Cases cited: Byers v. Railroad, 94 Tenn., 345; Prater v. Marble
    Co., 105 Tenn., 499; Railroad v. Harris, 158 U. S., 326; Lum-
    ley v. Railroad, 76 Fed., 73, 22, C. C. A., 60; Wagner v. Insur-
    ance Co., 90 Fed., 395, 33 C. C. A., 121.

Brundige v. Railroad.

FROM FRANKLIN.

Appeal from the Circuit Court of Franklin County.—
M. M. ALLISON, Judge.

ESTILL & LITTLETON, for Brundige.

CLAUDE WALLER and LYNCH & LYNCH, for Railroad.

MR. JUSTICE WILKES delivered the opinion of the
Court.

This is an action for damages for personal injuries to
Mrs. Brundige, the wife of W. H. Brundige, while a pas-
senger upon defendant's train, in a collision with
another train.

To the declaration, which was in the usual form, the
defendant pleaded not guilty and accord and satisfac-
tion.   The plaintiff replied to the two pleas, taking is-
sue upon the plea of not guilty, and to the plea of ac-
cord and satisfaction plaintiff pleaded coverture, and
tendered back the $50 which had been paid to her by the
road in settlement of her claim for damages, and paid
the same into court, alleging also that at the time she
signed the paper writing set out in the plea of accord and

satisfaction she was suffering with profound shock and nervous prostration and incapable of making contracts; that at the time of the alleged settlement plaintiff was under the impression that she was but slightly injured, but after making the settlement her condition grew worse, and she became permanently afflicted with a dangerous and troublesome female disease; and that the amount paid her was inadequate for her injuries. In this replication she tendered back the amount that had been paid her, and paid the same into court. The defendant demurred to these replications—to the first, setting up her coverture, (1) that the release showed that her husband joined with her in the release and settlement, and she receive the amount with her husband's consent; and (2) because a court of law has no jurisdiction to annul and set aside a contract of accord and satisfaction. To the second replication two grounds of demurrer were assigned: (1) Because there were no facts set out in the replication which would authorize the court to hold the plaintiff Mrs. Brundige incapable of making a contract; and (2) because a court of law has no jurisdiction to set aside or annul a contract on the ground set forth in the replication. The same two causes of demurrer were assigned to the third replication.

The demurrers were sustained, and the plaintiff's suit was dismissed, and she has appealed.

The first question presented is whether the contract of accord and satisfaction made by Mrs. Brundige was void

because of her coverture.  The suit was brought in the name of the wife, and for damages caused to her.  The husband was joined merely for conformity, and claimed no right in the recovery, and the suit was not for damages caused to him for loss of his wife's services.  The recovery if any had been made, would have been in the name and for the use of Mrs. Brundige, and would have been her separate estate, and would not have been subject to the control and marital rights of the husband. As before stated, the suit was hers, and the husband was merely joined for conformity. He had, however, signed the contract of accord and satisfaction, and had indorsed his approval upon it.  We are of the opinion, therefore, that Mrs. Brundige, with the assent of her husband, had a right to enter into this contract of accord and satisfaction, as far as her coverture was concerned.

The next question presented is whether an accord and satisfaction may be set aside and disregarded or repudiated and annulled in an action at law, or whether the relief in such case is primarily in a court of chancery to set aside the accord and satisfaction.

We have no direct adjudication upon this question. In the case of *Prater* v. *Marble Co.*, 105 Tenn., 499, 58 S. W., 1068, the question was expressly reserved; and it was also reserved in the case of *Union Pacific Ry. Co.* v. *Harris,* 158 U. S., 326, 15 Sup. Ct., 843, 39 L. Ed., 1003. It came directly before the United States circuit court in the case of *Wagner* v. *The National Life Ins. Co.,* 90

Fed., 395, 33 C. C. A., 121, and it was there held, Taft, J., delivering the opinion which was concurred in by Lurton, J., and Clarke, J., upon a careful and very painstaking review of the authorities, English and American, that it was proper in a suit at law for the plaintiff to meet a plea of release by a replication that the release was obtained by fraud, whether the fraud be in the execution or in misrepresentation of material facts inducing execution, where the issue involves simply a question of fraud between the parties. The court adds in that case: "We are glad to come to this conclusion, because it avoids circuity of action, and thus facilitates the administration of justice." And again that court says: "Where the issue is simply one of fraudulent misrepresentation, it may as well be tried by a jury as in a court of equity, for fraud is an issue of which courts of law and equity from time immemorial have had concurrent jurisdiction." See, also, *Lumley* v. *Railroad*, 76 Fed., 73, 22 C. C. A., 60.

This court, in the case of *Byers* v. *R. R. Co.*, 94 Tenn., 345, 29 S. W., 128, set aside an accord and satisfaction, or compromise agreement in an action at law, because of fraud and unconscionable advantage; but no objection to the jurisdiction of the lower court was made in that case. There have been other cases in this court where the same course has been pursued.

We are of opinion, therefore, that in an action at law, an accord and satisfaction may be set aside for fraud or

Brundige v. Railroad.

misrepresentation, either in the execution of the contract, or in the inducement to the execution.

The judgment of the court below is therefore reversed, and the cause is remanded to ascertain whether the alleged accord and satisfaction was obtained by fraud; and if so, whether the plaintiffs are entitled to recover upon the merits of the case; and, if so, what amount. The appellee will pay costs of the appeal.