## TENNESSEE BROKERAGE CO. v. C. L. LARKIN.

Middle Section. November 7, 1925.

No petition for Certiorari was filed.

1. **Appeal and error. Error not set out in motion for new trial cannot be urged on appeal.**

It is essential in order to preserve the right to assign errors in the appellate court, to set out in the motion, errors that occurred at and during the trial on the facts, but not errors that occurred before the trial in the rulings upon pleadings.

2. **Assignments. Not invalidated by bankruptcy unless made within 4 months.**

Assignments and conveyances are not invalidated by reason of the assignor filing a petition in bankruptcy unless they are made within four months next before the filing of the petition in bankruptcy, unless the conveyance or assignment was made with intent to hinder and delay the creditors and deemed fraudulent under the bankruptcy law.

3. **Assignments. Assignee must show he cannot collect assigned debt before he can recover from assignor.**

In an action to recover money advanced upon assignment of wages, plaintiff must show that the wages have not and cannot be collected before right of action exists against assignor.

4. Infants. Assignments. That assignor is an infant at time of assignment does not give assignee a right of action against him unless he disaffirms.

In an action to recover money advanced to infant upon assignment of wages, held assignee had no right of action because assignor was infant unless he disaffirmed the act.

5. Appeal and error. Where record does not show basis of trial court's decision the judgment will be affirmed if there is any ground found on which it can be sustained.

· Where the trial judge gave no reason for his decision, an assumed reason not warranted by the proof or judgment should not be assigned as error. The appellate court will assume that the judgment or decree was based on other grounds sustained by the law and evidence.

Appeal in Error, from Circuit Court, Davidson County; Hon. E. F. Langford, Judge.

Affirmed.

A. J. Grigsby, Jr., of Nashville, for plaintiff in error, Brokerage Co.

Harry G. Nichol, of Nashville, for defendant in error, Larkin.

CROWNOVER, J. This was an action to recover $22, money had and received on an assignment of wages not collected. The action was commenced before a Justice of the Peace, and appealed to the circuit court, and the case was there tried by the judge without a jury, and resulted in a judgment for the defendant below. The trial court overruled a motion for a new trial, and the plaintiff has appealed in error to this court, and has assigned three errors, as follows:

"1. Because there was no evidence to support the verdict.

"2. Because the court erred in holding that a plea of infancy was good.

"3. Because the court erred in holding that a plea of discharge in bankruptcy was good."

The defendant below, in 1922, assigned a part of his wages assumed to be due him by the Nashville Terminals to plaintiff in error and obtained $22. He signed a written statement, one paragraph of which is as follows:

"In order to induce the said Tennessee Brokerage Company to purchase said account for wages or salary, I hereby represent and warrant to be true that I am twenty-one years of age, that I· am employed by the Nashville Terminals, (N. C. & St. L. and L. & N. R. R.) in the capacity of clerk, that I am employed during the month of March, 1922, and while so employed I earned as salary or wages the sum of $22———— cents."

No witnesses were introduced at the trial, but by agreement the written assignment of wages and a letter from the defendant in

error to the plaintiff in error promising to pay a part of the debt were introduced in evidence, and it was further agreed by the parties that the case be tried upon the same testimony introduced by the defendant below in another case styled John Branham v. C. L. Larkin, previously tried in the same court; and the defendant's evidence as well as the assignment of wages and said letter were made a part of the bill of exceptions and were copied into the transcript, which proof showed that the defendant below was only seventeen years of age when he executed the assignment of wages and obtained the money. .

The case seems to have been tried upon issues raised by the defendant that he was an infant at the time of the assignment and also, that he had been discharged in bankruptcy. At least the briefs of both parties refer to these pleas but there are no written pleas in the record to this effect. In fact, there is nothing in the record to show exactly what pleas the defendant relied upon but as the case was commenced before a Justice of the Peace, we must assume that all proper pleas were filed except those that were required to be in writing and sworn to.

The motion for a new trial contains four grounds. The first two go to the preponderance of the evidence, and the last two are . that the court erred in sustaining a plea of infancy and in dismissing the action.

The first assignment that there was no evidence to support the verdict is not well taken because the motion for a new trial was not based upon this proposition.

It is essential in order to preserve the right to assign errors in the appellate court, to set out in the motion, errors that occurred at and during the trial on the facts, but not errors that occurred before the trial in ruling upon pleadings. In other words, it is necessary to make a motion for a new trial in all cases except for errors apparent upon the face of the record proper, and each assignment of error must have been preserved in the motion for a new trial. See, 5 Michie's Tenn. Eng. Ency. Dig., 52, Sec. 5; Weise Co. v. Morgan Co.. 101 Tenn., 272; Railroad v. Smith, 147 Tenn., 453, 455; Board of Equalization v. Railroad, 148 Tenn., 676. .

In this action the assignee is suing the assignor for $22 for money had and received under the assignment of wages on a new promise to pay made after bankruptcy.

There is nothing in the record to show that the plaintiff did not collect the $22 from the Nashville Terminals, and no reason is given why it did not collect the wages.

Under the assignment, as against the assignor, the assignee becomes the owner of the chose in action from the time of the assignment,

and it is the duty of the assignor to collect the wages thus assigned or show some good reason why it did not collect. See 5 C. J. 966.

Assignments and conveyances are not invalidated by reason of the assignor filing a petition in bankruptcy unless they are made within four months next before the filing of the petition in bankruptcy, unless the conveyance or assignment was made with intent to hinder and delay the creditors and deemed fraudulent under the bankruptcy law. See Loveland on Bankruptcy, Sec. 143, p. 307; Sec. 498, p. 990; Johnson v. Donohue, 113 Tenn., 446.

If the amount of the wages was lost through the negligence of the assignee and through no fault of the assignor, certainly the assignee has no right of action against the assignor. See Leneave v. McDowell, 91 Tenn., 75. So, under the state of the record there being no evidence that the plaintiff had not actually collected the amount of wages assigned and no evidence that the Nashville Terminals did not actually owe this amount to the assignor at the date of the assignment, and no evidence that the assignment of the wages was within four months of the date of the filing of the petition in bankruptcy, it results that the plaintiff has failed to make out its case. It has no right of action against the defendant.

The mere fact that the defendant below was an infant at the time he assigned his wages gave the plaintiff no right of action unless it is shown that he disaffirmed his contract on account of infancy, and that the plaintiff was prevented from collecting the wages assigned through fraud.

There is nothing in the record to show that the plaintiff did not collect the wages assigned or that the court dismissed the plaintiff's action because the defendant was an infant or had been discharged in bankruptcy. In fact, the judgment is entirely silent upon the question. Where the trial judge gives no reason for his decision, an assumed reason not warranted by the proof or judgment should not be assigned as error, as appellate court will assume that the judgment or decree was based on other grounds sustained by the law and evidence. See Lang v. Inalls Zinc Co., 49 S. W., 288.

The third assignment of error is subject to the same objection as the first assignment of error, and that is, the motion for a new trial was not based on the fact that the court sustained the defendant's plea of a discharge in bankruptcy. Under our rules it is necessary that the error assigned should have been brought to the attention of the trial court, so that he might correct it, and he cannot be put in error for some reason not drawn to his attention.

It results that all the assignments of error must be overruled and that the judgment of the lower court be affirmed. The cost of the appeal is adjudged against the plaintiff in error and the surety on its appeal bond, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.