RODDIE DAVIS v. LULA KAWOOD FREELS, Administratrix, etc.

Eastern Section.  May 27, 1932.

Petition for Certiorari denied by Supreme Court, October 14, 1932.

White & Leonard, of Knoxville, for plaintiff in error.
Harris & Evans, of Harriman, for defendant in error.

FAW, P. J.   On October 28, 1931, Mrs. Lula Kawood Freels, as administratrix of the estate of her infant son Sam Riley Freels, deceased, recovered a judgment, based on the verdict of a jury, for $5000, in the Circuit Court of Morgan County, against Roddie Davis, and, after his motion for a new trial was overruled, Roddie Davis appealed in error to this Court.

In substance, it is averred in the declaration of Mrs. Lula Kawood Freels, Administratrix, etc., the plaintiff below (and hereinafter called plaintiff) that, on September 8, 1930, plaintiff's intestate, Sam Riley Freels ("a boy just past fourteen years of age"), suffered personal injuries resulting in his death; that the proximate cause of the injuries and death of plaintiff's intestate was the negligent operation of a Ford truck owned by Roddie Davis (the defendant below and hereinafter called defendant) and driven at the time by defendant's agent and employee on business for defendant; that, on June 8, 1931, plaintiff was duly appointed administratrix of the estate of said Sam Riley Freels, deceased, by the County Court of Morgan County, Tennessee, and that plaintiff's said intestate left surviving him, "as his heirs at law and next of kin," for whose use and benefit this suit was brought, a father, Jesse Freels, and his mother, "this plaintiff," Lula Kawood Freels.

To the declaration of plaintiff the defendant interposed two pleas, viz: (1) the general issue of not guilty, and (2) a plea of accord and satisfaction. The averments of defendant's plea of accord and satisfaction were as follows:

"That heretofore on December 10, 1930, prior to the filing of the suit in this cause, this defendant perfected or caused to be perfected a full settlement of all claims of every kind against this defendant in words and figures as follows, to-wit:

" 'J. M. and Lula Freels against Roddie Davis

" 'FOR AND IN CONSIDERATION of the sum of Four Hundred Dollars ($400) to them in hand paid by Belt Casualty Company, the receipt of which is hereby acknowledged, we, the undersigned, hereby fully and forever release, acquit and dis-

charge the said Roddie Davis, successors and assigns, from any and all liability now accrued or hereafter to accrue on account of any and all claims or causes of action which we now or may hereafter have against said Roddie Davis, his successors or assigns, in any way arising from any and all injuries, losses and damages suffered by us or our property sustained or received on or about the 11th day of September, 1930, through accident resulting in death of Sam Freels, and we hereby declare that we fully understand the terms of this settlement and that we voluntarily accept said sum for the purpose of making a full and final compromise, adjustment and settlement of the injuries and damages above mentioned.

" 'Witness our hand this 10th day of December, 1930, at Sunbright.

" 'Signed   J. M. Freels<br>" 'Lula Freels

" 'Witnesses:  O. L. White

" 'Before me, Patton R. Broyles, a Notary Public for and within the County of Morgan, State of Tennessee, personally appeared the above mentioned J. M. and Lula Freels, to me known to be the persons named in and who executed the foregoing release claim and acknowledged that they executed same as their free act and deed.

" 'Signed   Patton R. Broyles,<br>" 'Notary Public.'

"This defendant, therefore, makes plea of accord and satisfaction paid in full to the beneficiaries named in the declaration in this cause and will rely upon said accord and satisfaction as full discharge upon the trial of the cause.''

To defendant's aforesaid plea of accord and satisfaction, plaintiff filed a replication, and subsequently was permitted to "so amend her replication to the defendant's plea as to make the same read as follows":

"That she and her husband, J. M. Freels, were approached by Roddie Davis, O. L. White and Patton R. Broyles and at the time her husband was very sick and had been confined to his bed most of the time for about three weeks prior to this occasion. The plaintiff says that her husband was unlearned and weak physically and mentally at the time of the alleged settlement. He did not know or understand the meaning of the paper now claimed to be a settlement. The said White was an attorney and as an attorney led her to believe that he was learned in the law of negligence and that he was honest and honorable and that what he was doing was being done for the benefit of the

plaintiff in this cause and her family; that the plaintiff would be unable to recover any sum for the death of her intestate but that it was being given her as a gratuity.

"The said O. L. White, a representative of the Insurance Company, represented to her, in the presence of Roddie Davis, that Roddie Davis would pay her the sum of $350 (Three Hundred and Fifty dollars) in order to relieve the family of the payment of doctor's bills and expenses, and that the said White, for the said Insurance Company, would contribute Fifty dollars ($50) which would make the gross sum of ($400) Four Hundred dollars and the defendant Roddie Davis did pay to the husband of the intestate One Hundred and Sixty dollars ($160), at the time of this payment plaintiff and her husband were in a state of grief over the death of their son and were in an impoverished condition and unable at that time to pay for the burial expenses, doctors bills and other necessary expenses that had been incurred on account of the death and burial of their son. While in the aforesaid condition the said O. L. White and Roddie Davis provided plaintiff and her husband to sign a paper which is plead as a defense in this action, but they only paid him the sum of One Hundred and Sixty dollars ($160), however, the whole consideration Four Hundred dollars ($400) was grossly inadequate as a payment for the amount due this plaintiff for the negligent and unlawful killing and death of her intestate. The said sum is so inadequate as to shock the conscience of a Court and this plaintiff here and now tenders into Court with her replication the money paid to her by and on account of Roddie Davis.

"This plaintiff further shows that at the time she and her husband signed the paper which purported to be a settlement, they did not understand the said paper to mean that they were settling for the wrongful injury and death of their son and that they thought the same was only a receipt for the amount which they had received and that said paper was procured by false and fraudulent statements, fraud and deceit and was not their free act.

"The plaintiff says that while this suit is brought by her as administratrix, that any recovery had therein would go under the law of distribution to her and her husband and they have jointly repudiated said attempted settlement, and they each now join individually and she in her representative capacity and repudiates said settlement and tenders back to Roddie Davis all the money received by either of them. They have paid into the Clerk of this Court the sum of One Hundred and Sixty dollars ($160) the amount paid to them.

"D. O. HARRIS,
"ATTORNEY FOR PLAINTIFF."

Defendant demurred to the aforesaid replication of plaintiff and, for grounds of demurrer, said that (1) the plaintiff cannot in law set up or claim that the accord and satisfaction was obtained by fraud without making payment of the sum of $400 into Court; and (2) the plaintiff, Lula Kawood Freels, Administratrix, cannot, in law, make plea by replication denying accord and satisfaction with J. M. Freels and Lula Kawood Freels as individual beneficiaries of the plaintiff's intestate.

The trial court overruled the foregoing demurrer, to which ruling of the Court the defendant excepted and, reserving his exception, then filed a rejoinder to the plaintiff's replication, in which rejoinder he denied the material averments of the replication and pleaded further that "said Lula Kawood Freels and J. M. Freels, with full knowledge of all the facts surrounding said release executed on December 10, 1930, have retained the proceeds of funds paid under said release without protest or complaint until October 19, 1931, when only a part of said proceeds have been tendered into Court; thus ratifying and approving said release agreement and confirming the agreement then made."

The plaintiff joined issue upon the defendant's rejoinder and the case was tried to a jury upon the issues made up in the manner above set forth, and with the result heretofore stated in the first paragraph of this opinion.

Through his first assignment of error the defendant asserts that the trial court erred in overruling his demurrer to the plaintiff's replication; and we think this assignment must be sustained for the reasons which will now be briefly stated.

This action was brought by Mrs. Lula Kawood Freels in her representative capacity, as administratrix of the estate of Sam Riley Freels, deceased, and in that capacity alone. This is evident from the summons, the oath in lieu of cost bond, and the plaintiff's declaration. It could not have been brought otherwise, as plaintiff's intestate was a boy fourteen years of age, without wife or children, and the right of action, if any there was, for his alleged wrongful death survived to his personal representative, for the benefit of his next of kin and free from the claims of creditors. Shan. Code, sec. 4025; Whitson, Admr., v. T. C. Ry. Co., 163 Tenn., 35, 40 S. W. (2d), 396. The next of kin of the deceased Sam Riley Freels were his father and mother. See Public Acts of 1923, ch. 50 (page 137).

Neither Lula Kawood Freels (in her individual capacity) nor her husband, Jesse Freels, have at any time been parties to this action. Obviously the statement by the plaintiff-administratrix in her

amended replication that "they" (Lula Kawood Freels and Jesse Freels) "each now join individually . . . and repudiate said settlement," did not make them parties to the suit.

The fact that the plaintiff-administratrix happens to be one of the next of kin for whose use and benefit the suit was brought, and who executed the release pleaded by the defendant, is merely incidental, and the same principles must control that would apply if she was not a beneficiary and not a party to the accord and satisfaction.

In a suit of this character, a release executed by the sole beneficiary, or the person having the exclusive right to the amount recovered, bars an action by the personal representative. Greenlee v. Railroad, 5 Lea, 418; Stephens v. Railroad, 10 Lea, 448; Holder v. Railroad, 92 Tenn., 141, 20 S. W., 537, 36 Am. St. R., 77; Smalling v. Kreech (Tenn. Chy. App.), 46 S. W., 1019; Prater, Admr., v. Marble Company, 105 Tenn., 496, 58 S. W., 1068; Spitzer v. Knoxville Iron Co., 133 Tenn., 217, 180 S. W., 163; Note, 11 L. R. A. (N. S.), p. 148; Note, 35 L. R. A. (N. S.), 210.

When an accord and satisfaction, based on a contract of settlement and release executed by the plaintiff, is pleaded by the defendant in an action at law, such release may, by appropriate pleading and proof in the same action, be set aside and annulled for fraud or misrepresentation in its procurement. Brundige v. Railroad, 112 Tenn., 526, 529, 81 S. W., 1248.

But such defense is personal to the party executing the release, and an administrator will not be permitted to thus attack a release and acquittance executed by the beneficiary and pleaded as an accord and satisfaction in an action brought by the administrator and to which action the beneficiary is not a party. It was expressly so held in Prater, Administrator, v. Marble Company, supra, and reaffirmed in Spitzer v. Knoxville Iron Company, supra.

This does not mean that a beneficiary who has been induced by fraud or misrepresentation to execute a release has no remedy. He may by a proper proceeding in his own proper person repudiate such settlement and procure a decree declaring it void. Prater, Administrator, v. Marble Company, supra; Street Railway v. Giardino, 116 Tenn., 368, 374, 92 S. W., 855.

Under the authorities cited, the defendant's demurrer to the plaintiff's replication should have been sustained.

The defendant's first assignment of error is therefore sustained and the judgment of the trial court overruling defendant's demurrer to plaintiff's replication is reversed and said demurrer is sustained. The plaintiff's replication, therefore, "passes out of the record as though it had never been filed" (Prater, Admr., v. Marble Co., supra, p. 505), and leaves the case without an issue upon defendant's plea

of accord and satisfaction, thus rendering the verdict of the jury and the final judgment of the Court erroneous. The judgment is therefore reversed and the verdict of the jury is set aside, and the cause will be remanded to the Circuit Court of Morgan County for further proceedings in conformity to this opinion.

The costs of the appeal in error will be adjudged against the plaintiff as Administratrix of the estate of Sam Riley Freels, deceased, and the costs accrued in the lower court will await the future judgment of that court.

The foregoing disposition of the first assignment of error renders the remainder of defendant's assignments of error immaterial.

Crownover and DeWitt, JJ., concur.