MRS. H. G. YOUNG v. CUMBERLAND GROCERY COMPANY.

and

NANNIE YOUNG v. CUMBERLAND GROCERY COMPANY.

Middle Section. May 28, 1932.

Petition for Certiorari denied by Supreme Court, July 23, 1932.

90

Bailey C. Butler, of Gainesboro, for plaintiff in error, Cumberland Grocery Co.

Roberts & Roberts, of Nashville; P. J. Anderson and Harry L. Page, of Gainesboro, for defendants in error, Young.

CROWNOVER, J.   This action is incorrectly styled; it should be styled, Cumberland Grocery Company, plaintiff in error, against Mrs. H. G. Young and Nannie Young, defendants in error, as the Youngs obtained judgments in the lower court.

These are actions by mother and daughter for personal injuries received in an automobile accident caused by the collision of their automobile with a truck owned and operated by the Cumberland Grocery Company, and were tried together because their injuries were the result of the same accident.

On May 31, 1927, Mrs. H. G. Young and her minor daughter, Nannie Young, were riding in a Ford sedan on the State Highway between Double Springs in Putnam county and Gainesboro in Jackson county, Tennessee. At a point about ten miles from Gainesboro, while rounding a right hand curve, their car was struck by a truck owned by the Cumberland Grocery Company and driven by its agent. Their automobile was on its right hand side of the curve and the truck approached on the same side of the road from the opposite direction. The two vehicles had a head-on collision. The truck driver was looking back at people on the porch of a near-by house.

Mrs. Young was seriously and permanently injured; her collar bone was broken, which has never united; several ribs were broken and her shoulder and spine were injured. She suffered much pain.

Miss Nannie Young received a cut on the arm and a blow on the small of her back which she testified affected her menstruations and resulted in loss of weight.

Defendant Grocery Company paid Mrs. Young's doctor's bill and the account for repairs on her automobile, and she executed a written agreement releasing defendant from all liability for damages for personal injuries and damage to her automobile.

Mrs. Young brought her action against the defendant in the Circuit Court of Jackson county, Tennessee, but it was, on November 26, 1927, dismissed on a plea in abatement to the jurisdiction of the court.

On May 26, 1928, within one year after the accident, she brought suit for damages in the Circuit Court of Clay county, and summons was served on May 29, 1928.

On June 25, 1928, H. M. Haile, one of the sureties on her cost bond, filed a petition alleging that he did not sign or authorize his name to be signed to her cost bond, and asked to be discharged as surety on the bond. An order was made by the court on June 28, 1928, releasing Haile from the cost bond, and requiring Mrs. Young to execute a new bond within twenty days. On October 22, 1928, the action was dismissed for failure to make a bond for costs.

On November 8, 1928, Mrs. Young brought this action for damages in the Circuit Court of Clay county, on the pauper's oath, which action was brought within twelve months after the dismissal of the action in Jackson county.

Mrs. Young's declaration contained three counts: (1) that the accident was caused by the negligence of the agent of defendant; (2) that the truck was being driven at an unlawful rate of speed; and (3) that the automobile was injured by the negligence of the agent of defendant. The third count was later dismissed and stricken.

On November 8, 1928, Miss Nannie Young, who had reached the age of twenty-one years on April 27, 1928, brought her action for damages, and averred that she was a minor at the time of the accident and injury and attained her majority less than one year before the bringing of her action.

The defendant, Cumberland Grocery Company, filed five pleas to Mrs. Young's declaration:

(1) A plea of res adjudicata, averring (a) that plaintiff filed her suit in Jackson county for the same cause of action, which was, on November 26, 1927, dismissed on a plea to the jurisdiction; (b) that plaintiff theretofore had filed her suit in the Circuit Court of Clay county, which had been, on October 22, 1928, dismissed for failure to execute cost bond.

(2) A plea of statute of limitation, averring that plaintiff's cause of action accrued more than twelve months before - the commencement of this suit, and more than twelve months before the commencement of the first suit in Clay county, which was dismissed.

(3) A plea of accord and satisfaction, averring that before the commencement of this suit, defendant paid the repair bills on her car, amounting to $————, and paid to Dr. Reeves $50 for medical attention to Mrs. Young, which she accepted in full satisfaction of all damages sustained in the accident, both as to her person and to the automobile.

(4) A plea of not guilty.

(5) A plea to the third count of the declaration in regard to the damages to the automobile, which third count was dismissed.

The defendant pleaded not guilty to Miss Young's declaration.

Plaintiff, Mrs. Young, filed a demurrer, motion and replication to the pleas interposed by the defendant. She demurred to the first plea on five grounds, as follows:

(1) That the plea is double.

(2) That the plea is insufficient in law because neither suit mentioned in the plea was a suit on the merits.

(3) Because the plea shows that the present suit falls within the saving of Section 4446 of Shannon's Code.

(4) That part of the plea setting up the Jackson county suit shows that said suit was dismissed on plea in abatement to the jurisdiction of the court and not on the merits, and that part is specially demurred to.

(5) That part of the plea interposing the Clay county suit shows upon its face that it was dismissed for want of a cost bond or pauper oath, which is not an adjudication on the merits, and does not operate as a bar to this suit.

The court sustained the demurrer to the plea of res adjudicata, to which defendant excepted. The motion of the plaintiff to strike the pleas of the statute of limitations and accord and satisfaction, were by the court overruled.

Plaintiff, in her replication to the plea of the statute of limitations, averred that the first suit in Clay county was brought within one year after the accident, and was dismissed on account of her failure to execute cost bond, and that within twelve months after the dismissal of said suit the present suit was brought, therefore, in accordance with Section 4446 of Shannon's Code, the bar of the statute of limitations of one year was saved.

In her replication to the plea of accord and satisfaction, she averred that the alleged settlement of her cause of action and release thereof was fraudulent, illegal and void, for the reasons that at the time it was procured by the defendant she was mentally incapable of

executing it; that it was procured by fraud and misrepresentation; that the amount paid was so small in comparison to the damages sustained by her as to constitute a fraud in law; and that the extent of her injuries was unknown to her at that time. She paid into court the sum of $95, the amount of said settlement with interest.

Defendant filed rejoinders to said replications.

Hence, Mrs. Young's case was submitted to the jury on three issues: (1) the alleged negligence of the defendant; (2) the statute of limitations; and, (3) the question of accord and satisfaction.

Miss Young's case was submitted to the jury on substantially the same question of negligence as in her mother's case, and on only one plea of not guilty.

The jury returned verdicts of $2000 in favor of Mrs. Young and $500 in favor of Miss Nannie Young, and judgments were entered accordingly.

Motions. for new trials having been overruled, defendant appealed to this court and has assigned errors, which are, in substance, as follows:

In the case of Mrs. Young:

(1) The court erred in sustaining Mrs. Young's demurrer to defendant's plea of res adjudicata.

(2) The court erred in not sustaining defendant's plea of res adjudicata.

(3) The court erred in not sustaining the defendant's plea of the statute of limitations of one year.

(4) The court erred in not sustaining defendant's plea of accord and satisfaction, and directing a verdict for defendant on said plea.

(5) There is no evidence to support the verdict.

(6) The verdict of the jury in so excessive as to indicate passion, prejudice and caprice on the part of the jury.

In the case of Miss Nannie Young errors were assigned as follows:

(1) There is no evidence to support the verdict.

(2) The verdict is so excessive as to indicate passion, prejudice and caprice on the part of the jury.

1 and 2. Defendant insists, first, that Mrs. Young's demurrer to the plea of res adjudicata was not tenable, as the question of duplicity could not be raised by demurrer, and that her remedy was by motion to strike. If this first plea were double, a demurrer was not the proper way to reach it. Waggoner v. White, 11 Heisk., 741. But there were five grounds of plaintiff's demurrer. Only the above mentioned went to the form of the plea; all of the others went to the substance of it. The other four grounds of the demurrer are that the plea is insufficient in law in that it fails to aver that either of the two suits mentioned therein was decided upon its merits, and

that the judgment concluded plaintiff's rights on the merits of her said suit; that the plea itself shows that the present suit was within the saving of Section 4446 of Shannon's Code; that the plea shows that the Jackson county suit was dismissed on plea in abatement to the jurisdiction of the court, and that the first Clay county suit was dismissed for want of cost bond. These were proper grounds for demurrer, and the court correctly sustained them. The court, in passing on this demurrer, said:

"The demurrer of the plaintiff to the first plea filed by defendant is by the court sustained, and said first plea is stricken by the court."

If any one ground was good, the court's action should be sustained.

"Where the record does not show the basis of trial court's decision the judgment will be affirmed if there be any ground found on which it can be sustained." Tennessee Brokerage Co. v. Larkin, 1 Tenn. App., 276; 4 C. J., 666; 2 Stand. Ency. of Proc., 413-414; Sheafer v. Mitchell, 109 Tenn., 183, 71 S. W., 86.

Section 4446 of Shannon's Code is as follows:

"If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest."

The suit instituted in Jackson county and dismissed for lack of jurisdiction of the court, was not res adjudicata.

"Action may be brought within one year after dismissal of previous action, even though dismissal was for a lack of jurisdiction." Burns v. Peoples Tel. & Tel. Co., 161 Tenn., 382; Davis v. Parks, 151 Tenn., 321, 270 S. W., 444.

"As intimated in Nelson v. Hoss, 2 Shan. Cas., 503, dismissal for failure to prosecute an action does not conclude the right to renew the suit within a year, as provided in section 4446 of Shannon's Code. And it was held in Railway v. Minton, 117 Tenn., 426, that dismissal of the first suit for failure to file a declaration did not conclude the right to renew the action within a year. See also Madison v. New River Lumber Co., 3 Civ. App., 2, and Nash v. Davis, 3 Civ. App., 634. The reason for the rule embodied in section 4446, supra, is given in Railroad v. Bolton, 134 Tenn., 555." Rye v. DuPont Rayon Co., 163 Tenn., 95, 98, 40 S. W. (2d), 1041.

The first Clay county suit was not res adjudicata. Rye v. DuPont Rayon Co., 163 Tenn., 95, 40 S. W. (2d), 1041; Read Phosphate Co. v. Vickers, 11 Tenn. App., 146, 162; Railroad v. Bolton, 134 Tenn.,

447, 184 S. W., 9; Coal, Iron & Ry. Co. v. Minton, 117 Tenn., 415, 101 S. W., 178.

"Where the complainant's bill was dismissed upon motion, because of defective pauper's oath, without a hearing upon the merits, and he, thereafter within one year from the final dismissal of the prior suit, filed a new bill praying for the same relief, the case is within the spirit and meaning of this statute, and obviates the bar of the statutes of limitations. Graham v. Caldwell, 2 Shannon's Cases, 71, 73, 74." Shannon's Code, sec. 4446, note 16.

The Jackson county suit and the first Clay county suit were not adjudications of this case upon the merits and neither concluded her right of action.

The court was not in error in sustaining plaintiff's demurrer, and the first two assignments of errors must be overruled.

3. The third assignment, that the court erred in not sustaining the plea of the statute of limitations, is not well made. The defendant pleaded that Mrs. Young's cause of action had accrued more than twelve months before the commencement of this suit and the first suit that was dismissed in Clay county. Mrs. Young filed a replication, denying the averments and joining issue thereon. Mrs. Young introduced proof to show that the first suit in Clay county was brought within twelve months after the happening of the accident and was dismissed on grounds not concluding her right of action, and that the present suit was brought within twelve months after the dismissal of both the suit in Jackson county and the first suit in Clay county. These questions were evidently submitted to the jury under instructions from the court and the jury found the issues for the plaintiff.

The judge's charge to the jury is not in the record. The charge not being a part of the bill of exceptions, we must presume that the charge was correct (Rhoton v. Burton, 2 Tenn. App., 164, 172; Nighbert v. Hornsby, 100 Tenn., 82), therefore we must presume that the questions of whether this suit was instituted within twelve months after the dismissal of the action in Jackson county, and whether the first two actions were not tried on their merits, were properly submitted to the jury.

It may be said that the court should have decided the propositions in favor of the plaintiff, Mrs. Young, without submitting them to the jury, as the record showed that the present action was instituted within twelve months after the dismissal of the action in Jackson county, and that the first two actions were dismissed without trial on the merits, there being no evidence to the contrary. But, however this may be, the jury has properly disposed of the questions. The submission of a question to the jury is no ground for reversal if they decide it correctly. Bolin v. The State, 77 Tenn., 519; Minneapolis &

St. Louis Ry. Co. v. Columbus Rolling Mill Co., 119 U. S., 149, 30 L. Ed., 376.

This action, having been instituted within twelve months after the dismissal of the first suit Jackson county, comes within the statute (Shannon's Code 4446) and is not barred.

"Plaintiff in a personal injury case who has taken a non-suit in his first action, must institute his next or any subsequent suit within one year of dismissal of the first action. Any suit brought more than one year after the dismissal of the first action is barred, notwithstanding it may be within one year from the last non-suit of a series of suits." Boyce v. Railway Co., 5 Higgins, 140.

"The same question was before this court at its May term, 1911, at Knoxville, in the case of A. Mincher v. Lookout Boiler & Tank Co., and it held, in an opinion delivered by Mr. Justice Wilson in that case, that 'the statute means obviously, as we think, that, where a suit is brought within the time prescribed by the statute, it may be dismissed and another suit brought within a year thereafter, or half a dozen suits may be brought within the year after the dismissal of the first suit, all preceding ones being dismissed, but all subsequent suits must be brought within a year after the dismissal of the first suit.' We think now, as this court thought then, that the foregoing is a correct construction of the section of the Code we have quoted, supra. When the first suit was dismissed, plaintiff may bring and dismiss as many suits as she thinks proper within one year after the first suit is dismissed, provided, as we now think, she was without fault in dismissing her different suits. But, in no case, do we think the statute was intended to give her the right to bring a suit after the expiration of one year from the dismissal of the suit first instituted. We think the plain meaning of this statute is, that when an action is instituted and the plaintiff voluntarily dismisses it, or takes a non-suit, such plaintiff may then, within one year after such dismissal or non-suit, institute a new suit for the same cause of action, but when that is done, the right, under this statute, has been exhausted." Boyce v. Railway Co., supra.

"The statute was clearly intended for the benefit of a plaintiff whose case had for some reason, for which he should not be made to suffer, been dismissed without a hearing on the merits, and we think the true construction of the act is, as stated in Railroad v. Pillow, supra, that the new suit, or any subsequent suit, must be instituted within one year after the termination of the action that was brought 'within the time limited' by the statute of limitations." Reed v. Railroad, 136 Tenn., 499, 503, 190 S. W., 458.

4. Defendant's fourth assignment of error is that the court erred in not sustaining defendant's plea of accord and satisfaction.

Plaintiff Mrs. Young filed a replication to the plea of accord and satisfaction, in which she averred that the settlement was void for the reasons that she was mentally incapable of executing the release; that the same was procured by fraud and misrepresentation for a small consideration entirely inadequate to the injuries inflicted, and which injuries were unknown to her at the time, as she was in bed suffering great pain. She tendered $95 to the court, being $85 principal and $10 interest, as refund of amounts paid by defendant.

This question was evidently submitted to the jury under proper instruction and the jury found in favor of Mrs. Young. There was evidence to sustain the finding, hence this court will not disturb the verdict of the jury. Brundige v. Railroad, 112 Tenn., 526, 81 S. W., 1248; Byers v. Railroad, 94 Tenn., 345, 29 S. W., 128; Street Ry. Co. v. Giardino, 116 Tenn., 368, 92 S. W., 855.

As hereinabove shown, there was evidence to support the verdicts of the jury in each case, and considering the injuries of the parties the verdicts are not so excessive as to indicate passion, prejudice, or caprice.

It results that all the assignments of errors must be overruled, and judgments for $2000 in favor of Mrs. Young and for $500 in favor of Miss Young, together with interest on each judgment from September 15, 1931, to the present, will be entered against the Cumberland Grocery Company. The cost of the cause including the cost of the appeal is adjudged against plaintiff in error Grocery Company and the surety on its appeal bond. Executions will issue accordingly.

## MEMORANDUM OPINION ON PETITION FOR REHEARING.

This case is again before us on petition for a rehearing, in which it is insisted that the court overlooked the fact that Mrs. Young had been given twenty days to execute bond in the former case and that she had failed to do so and the case was dismissed and, therefore, plaintiff Mrs. Young was not without fault in the dismissal of the suit.

We think that we sufficiently covered this in our original opinion for the reason that the statute states that if the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff ''upon any ground not concluding his right of action,'' the party may from time to time commence a new action within one year thereafter. Shannon's Code, sec. 4446. A situation somewhat similar arose and this proposition was passed upon in the case of Graham v. Caldwell, 2 Shannon's Cases, 71, in which it was held that the party had a right to bring the second action, as in this case, after dismissal of action for defective pauper's oath.

It results that the petition to rehear must be denied.

Faw, P. J., and DeWitt, J., concur.