Carolyn J. HUNT, and husband, Frank Hunt, Plaintiffs–Appellants,

v.

Mark J. SHAW, Defendant–Appellee.

Court of Appeals of Tennessee,
Eastern Section.

Oct. 30, 1996.

Application for Permission to Appeal
Denied by Supreme Court
May 5, 1997.

Opinion Denying Rehearing
Dec. 12, 1996.

John M. Wolfe, Jr., Chattanooga, for Plaintiffs–Appellants.

John T. Rice, Ken E. Jarrard, Rice, Kreitzer & Winer, P.C., Chattanooga, for Defendant–Appellee.

## OPINION

SUSANO, Judge.

Over a period of 39½ months, the plaintiffs, Carolyn J. Hunt and her husband, Frank Hunt, filed three separate complaints in the trial court against the defendant Mark J. Shaw. The complaints were identical in substance; each sought damages arising out of personal injuries[1] sustained in an automobile accident on December 22, 1990. The trial court granted the defendant's motion to dismiss the last lawsuit filed by the plaintiffs. The plaintiffs appealed. The basic issue before us is whether the third complaint was timely filed. The plaintiffs also seem to argue that their second lawsuit was properly served and, furthermore, was never formally dismissed.

### I

■ The plaintiffs' third lawsuit contains the following paragraph as a "preamble" to the complaint:

> The Plaintiff's first suit was filed timely on December 23, 1991. The case was assigned to Division II of the Hamilton County Circuit Court, Honorable Samuel Payne presiding. Judge Payne signed and entered an Order of Voluntary Nonsuit on April 6, 1993. The case was timely refiled on April 6, 1994, and was assigned to Division 4 of the Hamilton County Circuit Court, Honorable William Brown presiding. No service of process could be made, as the Defendant was not at the address at which he was first served. This suit is being filed exactly one year later in hopes [sic] of serving the Defendant.

The defendant filed a motion to dismiss asserting that the third lawsuit was time-barred. In his motion, he correctly pointed out that the plaintiffs' second lawsuit, filed pursuant to the Tennessee savings statute, T.C.A. § 28–1–105,[2] had been dismissed effective March 18, 1995. He relied on matters outside the pleadings. Pursuant to the provisions of Rule 12.02, Tenn.R.Civ.P., we must treat the motion to dismiss "as one for summary judgment and dispose[ ] of [it] as provided in Rule 56." The defendant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56.03, Tenn.R.Civ.P.

### II

The plaintiffs' first lawsuit was timely filed on December 23, 1991.[3] It was served on the defendant. The first lawsuit was terminated on April 6, 1993, by the entry of an order of voluntary nonsuit.

On April 6, 1994, the plaintiffs filed their second lawsuit. They concede it was filed pursuant to the Tennessee savings statute. It appears from the record before us that the second lawsuit was dismissed effective March 18, 1995. On April 6, 1995, the third lawsuit was filed. As can be seen, the third lawsuit was filed a year to the day after the filing of the second lawsuit.

### III

■ We find and hold that the third lawsuit was not timely filed. It was outside the one-year period of limitations applicable to personal injury actions. See T.C.A. § 28–3–104. Furthermore, since it was filed more than one year after the order of voluntary nonsuit was entered on April 6, 1993, the

---

1. The third complaint is vague as to whether both or only one of the plaintiffs sustained personal injuries in the accident. It alleges a "loss of consortium," but it is not clear which of the plaintiffs is asserting this claim. What is clear from the third complaint is that both plaintiffs were in their vehicle when it was struck by a vehicle driven by the defendant.

2. T.C.A. § 28–1–105 provides as follows:
   If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest . . .

3. The one-year anniversary of the accident, December 22, 1991, was a Sunday.

plaintiffs cannot rely on the savings statute to validate their third complaint. As we said in *Payne v. Matthews,* 633 S.W.2d 494 (Tenn. App.1982),

> [i]t has long been held that after the taking of any nonsuit to the original action, any additional suits would have to be filed within one year of the first nonsuit to be within the purview of T.C.A. Sec. 28–1–105.

*Id.* at 495–96.

The plaintiffs insist that their third lawsuit was timely filed and point to Rule 3, Tenn. R.Civ.P., as it existed[4] on the date that lawsuit was filed:

> All civil actions are commenced by filing a complaint and summons with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 30 days or if process is not served or is not returned within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff either:
>
> (1) continues the action by obtaining issuance of new process within 6 months from issuance of the previous process or, if no process issued, within 6 months from the filing of the complaint and summons, or
>
> (2) *recommences the action within 1 year from issuance of the original process or, if no process issued, within 1 year from the filing of the original complaint and summons.*

Rule 3, Tenn.R.Civ.P. (Emphasis added). The plaintiffs argue that under Rule 3 they could keep their second lawsuit "alive" by reissuing process every six months, which they admittedly did not do; or by filing a new lawsuit within one year of the issuance of process in the second lawsuit. Since the third lawsuit was filed within one year of the filing of the second lawsuit, they argue that

its filing was timely under Rule 3. We disagree.

The former recommencement provision of Rule 3 was applicable to those situations where a plaintiff asserted that the filing of the new lawsuit was for the purpose of enabling him or her to claim that the next preceding lawsuit "toll[ed] the running of a statute of limitations." *See* Rule 3, Tenn. R.Civ.P. Under the *Payne* case, the plaintiffs in the instant action lost the ability to "breathe" timeliness into the second lawsuit when it was dismissed. The first lawsuit had used up the plaintiffs' rights under the applicable statute of limitations, and the dismissal of the second lawsuit deprived the plaintiffs of ever again relying upon the savings statute. Once the second lawsuit was dismissed, there was nothing left for which the statute of limitations could be tolled. Rule 3 does not change this result.

Followed to its logical conclusion, the plaintiffs' interpretation of Rule 3 could result in a series of lawsuits, each of which is relied upon under the rule to validate the next preceding suit. This result is so inconsistent with the well-established concept of only one filing under the savings statute as to render the plaintiffs' interpretation nonsensical. "We are required to construe terms [in statutes] reasonably and not in a fashion which will lead to an absurd result." *McClellan v. Board of Regents of State,* 921 S.W.2d 684, 689 (Tenn.1996). Rules such as the Tennessee Rules of Civil Procedure "are 'laws' of this state." *Tennessee Dept. of Human Services v. Vaughn,* 595 S.W.2d 62, 63 (Tenn.1980).

## IV

■ Alternatively, the plaintiffs seem to argue that the second lawsuit was never dismissed. They claim that a minute entry, duly certified in the record by the trial court clerk, is not effective because, they argue, there is no order entered pursuant to Rule 58, Tenn.R.Civ.P. That minute entry, which specifically refers to the plaintiffs' second

---

4. Rule 3 was amended effective July 1, 1995. Among other changes, the amendment eliminat-

ed the recommencement provision.

lawsuit, as well as other suits, provides as follows:

On the call of the appearance docket, the attorneys are allowed thirty (30) days [from February 15, 1995] to take action in the above styled cases, or the cause shall stand dismissed, without prejudice,[5] with the costs taxed against the plaintiffs and sureties, for which execution may issue, if necessary.

We disagree with the plaintiffs' assertion.

A court speaks through its minutes. *In re Adoption of Gillis,* 543 S.W.2d 846, 847 (Tenn.1976); *Jackson v. Handell,* 46 Tenn. App. 234, 327 S.W.2d 55, 57 (1959). We have before us the certificate of the clerk of the trial court that this minute entry appears in Book 194, page 7 of the minutes of the trial court. The minute entry contains the clerk's certificate that a copy was mailed to the plaintiffs on February 15, 1995. The plaintiffs concede that they did nothing in the second lawsuit after that date. By the terms of the order, the second lawsuit came to an end on March 18, 1995.

■ The plaintiffs also seem to argue that their second lawsuit should not have been dismissed by the trial court because, according to them, process in that suit was properly served on the Tennessee Secretary of State. They rely upon the holding in *Carr v. Borchers,* 815 S.W.2d 528 (Tenn.App.1991).

■ We cannot reach this issue. The record before us does not contain any documentation certified by the clerk of the trial court pertaining to the mode of service of process, if any, in the second lawsuit. *See Sherrod v. Wix,* 849 S.W.2d 780, 783 (Tenn.App.1992). Counsel for the appellants calls our attention to an exhibit to his brief. That document is of no help to the plaintiffs on this appeal. Documents attached to a brief are not part of the official record on appeal. Based upon the record properly before us, the defendant is entitled to summary judgment.

■ The appellee has asked us to declare that this appeal is frivolous. We decline to do so. The recommencement issue raised under Rule 3, Tenn.R.Civ.P., was a valid issue that does not appear to have been previously addressed on facts similar to those presented in this case.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants. This case is remanded to the trial court for the collection of costs assessed below, pursuant to applicable laws.

GODDARD, P.J., and McMURRAY, J., concur.

*OPINION ON PETITION TO REHEAR*

The appellants have filed a petition to rehear. They contend that we overlooked a statement made by appellee's counsel when we said that the record did not contain any evidence pertaining to the mode of service of process of the second lawsuit filed by the appellants. Before addressing the substance of the petition, we deem it appropriate to review the appellee's response.

■ The appellee has moved to strike the petition, arguing that it was not timely filed. We disagree. Since the tenth day, i.e., November 9, 1996, following the filing of our opinion on October 30, 1996, was a Saturday, appellants had until November 12, 1996, to file their petition.[1] *See* Rules 20(a), 21(a), and 39(b), T.R.A.P. It was effectively filed on the 12th when the appellants transmitted the petition to us by certified mail that day. The appellee's motion to strike and for other relief is hereby DENIED.

■ Contrary to the appellants' assertion, we did not overlook the statement of appellee's counsel at the hearing below on January 8, 1996. That statement is one of many statements made by the parties' counsel and the trial judge that fill up some 26 pages of transcript. No witnesses testified at that hearing, no exhibits were introduced, and no stipulations were announced by counsel for

---

5. While the dismissal was expressed to be without prejudice, this does not alter the finality of the dismissal in this case as far as the right to refile is concerned. *Cf. Payne v. Matthews,* 633 S.W.2d 494, 496 (Tenn.App.1982).

1. Monday, November 11, 1996, was not the last day for filing because it was Veterans' Day, a legal holiday. *See* Rule 21(a), T.R.A.P.

the parties. The discussion among counsel and the court concerned three separate lawsuits and the process issued in those various actions. That discussion is, at best, confusing, and, at worst, unintelligible, as to the issue at hand. We are unable to determine from the record which of the three lawsuits counsel for the appellee was referring to when he made his comment; but, in any event, statements of counsel do not provide a factual basis for judicial action unless they embody a clearly binding, prejudicial concession or a joint stipulation of the parties.

The Rules of Appellate Procedure clearly set forth the manner in which a party raising issues is to place before us the relevant portions of the record of the proceedings in the trial court. *See* Rule 24, T.R.A.P. It was the appellants' responsibility to include, by certification of the trial court clerk, any summonses and other relevant papers bearing on their *Carr v. Borchers* issue. This they failed to do.

The petition to rehear is without merit. It is DENIED, with costs being taxed to the appellants.

IT IS SO ORDERED.

GODDARD, P.J., and McMURRAY, J., concur.