IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 22, 2004

## BRENDA LEE CHASTAIN v. RICKY LAVON CHASTAIN

**Appeal from the Chancery Court for Cheatham County**
**No. 11503     Leonard W. Martin, Judge**

---

### No. M2003-02016-COA-R3-CV - Filed March 31, 2004

---

This appeal arises from a divorce proceeding involving a state prisoner and his wife. After the wife filed her divorce complaint in the Chancery Court for Cheatham County, the prisoner counterclaimed for divorce and served interrogatories on his wife regarding their separate and marital property. Two motions to compel the wife to answer these interrogatories were unresolved when the trial court conducted a bench trial in the prisoner's absence and granted the wife a divorce. The prisoner asserts on this appeal that the trial court erred by failing to dispose of his discovery motions prior to trial. We agree and, therefore, vacate the portions of the divorce decree pertaining to the division of the marital estate.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated in Part; and Remanded**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Ricky Lavon Chastain, Only, Tennessee, Pro Se.

Jennifer F. Noe, Ashland City, Tennessee, for the appellee, Brenda Lee Chastain.

### OPINION

### I.

Brenda Lee Chastain and Ricky Lavon Chastain were married in October 1997 in Wilson County. According to Mr. Chastain, they separated when he moved into a separate apartment in April 2001. Mr. Chastain was later incarcerated in August 2001. At that time, he alleges that Ms. Chastain agreed to remove his personal property from his apartment and deliver it to his sister.

Ms. Chastain filed a divorce complaint in the Chancery Court for Cheatham County on November 7, 2002, and a copy of the complaint was served on Mr. Chastain at the Turney Center Prison and Industrial Farm in Hickman County. Mr. Chastain responded to the divorce complaint by admitting that the parties had irreconcilable differences and demanding the return of his personal

property listed in detail in an affidavit attached to his response. On January 30, 2003, Mr. Chastain filed an "amended complaint for absolute divorce" and contemporaneously served interrogatories regarding his property on Ms. Chastain's lawyer by registered mail.

As far as the record on appeal shows, Ms. Chastain did not answer these interrogatories. On March 25, 2003, Mr. Chastain filed a motion requesting the trial court to compel Ms. Chastain to answer the interrogatories. After the trial court filed an order on May 15, 2003 setting the case for trial, Mr. Chastain filed a second motion on July 3, 2003 to compel Ms. Chastain to answer the interrogatories and for discovery sanctions.

The trial court conducted a bench trial on July 21, 2003 in Mr. Chastain's absence. There is no indication in the record on appeal that the trial court either considered or disposed of Mr. Chastain's discovery motions prior to the hearing. After receiving the testimony of Ms. Chastain and two other witnesses, the trial court granted Ms. Chastain a divorce on the ground of inappropriate marital conduct and awarded her "all personal items in her possession as well as the 1991 Chevrolet Camaro." Mr. Chastain filed a timely notice of appeal.

## II.

The sole issue Mr. Chastain raises on this appeal is the trial court's failure to address his motions to compel discovery prior to the July 21, 2003 divorce hearing. He asserts that the trial court should have addressed his motions in a timely manner so that he would have been better able to present his side of the case at the hearing. Ms. Chastain's response to this argument is that the trial court was not required to act on Mr. Chastain's discovery motions because she answered his interrogatories satisfactorily prior to the hearing.

Ms. Chastain's argument, while facially appealing, is fatally undermined by the absence from the record of any pleading, document, or competent evidence to substantiate her claim. The record on appeal contains nothing that would enable this court, or the trial court for that matter, to conclude that she responded to Mr. Chastain's discovery requests in a timely and adequate manner. She attempts to supply this evidence by attaching to her appellate brief a copy of the answers to the interrogatories she purportedly mailed to Mr. Chastain on March 31, 2003. This attachment, as well as the extraneous documents Mr. Chastain attached to his brief, cannot be considered because they are not part of the record on appeal. *Hunt v. Shaw*, 946 S.W.2d 306, 309 (Tenn. Ct. App. 1996); *Patterson v. Hunt*, 682 S.W.2d 508, 518 (Tenn. Ct. App. 1984).

Civil litigation involving incarcerated parties who are representing themselves can be cumbersome and difficult. Even so, an incarcerated litigant's right to meaningful access to court requires that he or she be afforded a fair opportunity to present his or her side of the controversy. *Knight v. Knight*, 11 S.W.3d 898, 903 (Tenn. Ct. App. 1999). Since discovery plays an important,

and sometimes pivotal, role in a prisoner's ability to present his or her side of the controversy,[1] an incarcerated litigant has a right to expect the trial court to address and resolve discovery disputes in a timely manner prior to a hearing on the merits. The courts should not ignore motions of substance and proceed as if they had not been filed. *Marion v. Bowling*, No. 03A01-9906-CV-00229, 1999 WL 1059670, at *4 (Tenn. Ct. App. Nov. 22, 1999) (No Tenn. R. App. P. 11 application filed) (Franks, J., dissenting).

We do not place great significance on the fact that Mr. Chastain did not set his motions for argument. Such an effort would have been futile and counterproductive because he would have been unable to be physically present to argue the motions. Had he put the motions on notice, they would have been denied because he failed to appear. If parties who are not incarcerated do not request a trial court to consider and dispose of a prisoner's pretrial motions, the trial courts should take the initiative to arrange for the orderly consideration and disposition of a prisoner's motions prior to trial.

### III.

We affirm the July 29, 2003 order insofar as it grants Ms. Chastain a divorce. However, we vacate the portions of the July 29, 2003 order regarding the division of the marital estate and remand the case to the trial court to dispose of Mr. Chastain's discovery motions and to divide the marital estate after Mr. Chastain has been afforded an opportunity to present his arguments regarding the marital property. We tax the costs of this appeal to Brenda Lee Chastain for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.

---

[1] The Tennessee Supreme Court has pointed out that many lawsuits can be adjudicated on the pleadings. *Logan v. Winstead*, 23 S.W.3d 297, 302-03 (Tenn. 2000).