IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 15, 2011 Session

**PATSY FREEMAN, Personal Representative and Administratrix of the Estate of John R. Freeman, Deceased**
**v.**
**CSX TRANSPORTATION, INC., ET AL.**

**Appeal from the Circuit Court for Bedford County**
**No. 12046          Franklin L. Russell, Judge**

_____

**No. M2010-01833-COA-R9-CV - Filed April 7, 2011**

_____

In this interlocutory appeal, we are asked to determine: (1) whether the Tennessee savings statute, Tenn. Code Ann. § 28-1-105(a), may be invoked twice within the one-year savings period to save otherwise untimely actions; and (2) whether the Appellee acted with the diligence and good faith necessary to invoke the protection of the savings statute. We conclude that Appellee's suit was properly brought within the protection of the Tennessee savings statute. Consequently, we affirm the judgment of the trial court.

**Tenn. R. App. P. 9. Interlocutory Appeal; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

John W. Baker, Jr., and Emily L. Herman-Thompson, Knoxville, Tennessee, James W. Purcell, Augusta, Georgia, and Robert M. Anspach, Toledo, Ohio, for the appellants, CSX Transportation, Inc., a Florida Corporation, and Mike E. Martin, a Tennessee resident.

John W. Chandler, Jr., and Pamela R. O'Dwyer, Chattanooga, Tennessee, for the appellee, Patsy Freeman.

E. Todd Presnell and Marc E. Williams, Nashville, Tennessee, for the amicus curiae, DRI-The Voice of the Defense Bar and Tennessee Defense Lawyers Association.

**OPINION**

## I. Background Facts & Procedure

This is a Tenn. R. App. P. 9 appeal from the trial court's denial of Appellants' request for a dismissal pursuant to Tenn. R. Civ. P. 12.04. This is the second appeal in this case, which has yet to have a trial. In reciting the following relevant facts, we rely on this Court's previous opinion, ***Freeman v. CSX Transportation, Inc.***, No. M2009-02403-COA-R3-CV, 2010 Tenn. App. LEXIS 691 (Tenn. Ct. App. Nov. 3, 2010) *perm. app. pending*, and the subsequent litigation between the parties.

This case arises from a collision in Bedford County, on April 22, 2003, between a vehicle operated by the decedent, John R. Freeman, and a train owned and operated by the Defendant/Appellant, CSX Transportation, Inc. ("CSX"). *Id.* at 2-3. The train was conducted by Defendant/Appellant, Mike E. Martin. *Id.* at *3. Mr. Freeman died as a result of injuries sustained in the collision. *Id.* His mother, Patsy Freeman, was subsequently appointed administratrix of his estate. *Id.*

On April 12, 2004, acting in her individual capacity and as administratrix of her son's estate, Patsy Freeman ("Plaintiff" or "Appellee") filed suit in Rutherford County Circuit Court. *Id.* The complaint alleged that CSX and Mr. Martin acted negligently and violated certain railroad safety statutes, and that these acts and violations resulted in the wrongful death of Mr. Freeman. *Id.* At all times relevant to this action, Plaintiff and Defendant CSX resided in Coffee County and Defendant Martin resided in Rutherford County. *Id.*

Over the next five years the parties litigated the case in the Rutherford County Circuit Court. *Id.* at *4. At a hearing on March 30, 2009, the trial court granted partial summary judgment to CSX on several of Plaintiff's claims. *Id.* At this same hearing, Plaintiff voluntarily dismissed all of her claims against Mr. Martin. *Id.* An order dismissing Mr. Martin from the suit was entered on April 6, 2009. *Id.*

The remaining claims against CSX went to trial on April 27, 2009, and a jury was empaneled to hear the case. *Id.* The next day, before the trial began, Plaintiff filed a notice of voluntary nonsuit as to her remaining claims against CSX. *Id.* On July 24, 2009, the Rutherford County Circuit Court entered the order of voluntary dismissal of Plaintiff's remaining claims. *Id.*

Following the entry of the order of voluntary dismissal, the Rutherford County Circuit Court assessed discretionary costs in the amount of $34,098.27 against Patsy Freeman as personal representative and in her individual capacity. *Id.* at *4-7. She appealed to this Court, asserting that the Rutherford County Circuit Court lacked subject matter jurisdiction

to assess discretionary costs against her in her individual capacity. In *Freeman v. CSX Transportation, Inc.*, No. M2009-02403-COA-R3-CV, 2010 Tenn. App. LEXIS 691 (Tenn. Ct. App. Nov. 3, 2010) *perm. app. pending*, a divided panel determined that the Rutherford County Circuit Court had subject matter jurisdiction and affirmed the award of discretionary costs. *Id.* at *15, 24.

In the meantime, on August 19, 2009, Plaintiff refiled her action in the Circuit Court of Davidson County against the same defendants, CSX and Mr. Martin.[1] *Id.* at *5. Because the statute of limitations period had expired, Plaintiff's complaint necessarily invoked the Tennessee savings statute found at Tenn. Code Ann. § 28-1-105(a).[2] Plaintiff asserted that CSX maintained an office in Davidson County and could be found through its registered agent for service of process there. Defendants filed a motion to dismiss, asserting that the common county rule localized venue and subject matter jurisdiction to two counties, Coffee County, where Plaintiff and CSX both reside, or Bedford County, where the accident occurred.[3] *Id.* at *5-6. Plaintiff subsequently conceded that Defendants were correct and, as a result, the Davidson County Circuit Court granted the motion to dismiss. *Id.* The trial court entered an order dismissing Plaintiff's claims without prejudice on March 25, 2010.

Plaintiff then filed the instant suit in Bedford County Circuit Court on March 29, 2010. As is relevant on appeal, Defendants' answer asserted that Plaintiff's claims were time barred. Defendants filed an application pursuant to Tenn. R. Civ. P. 12.04 for a hearing on their affirmative defenses. Specifically, Defendants argued that the Tennessee savings statute, Tenn. Code Ann. § 28-1-105(a), did not permit multiple refilings of otherwise untimely actions and that Plaintiff had not acted with the diligence and good faith necessary to invoke the savings statute. Plaintiff responded that the savings statute permitted at least two refilings within one year of the first non-merits dismissal, that her alleged lack of diligence and good faith did not preclude such refilings, and that, in any event, she and her counsel had acted with diligence and good faith in pursuing her claims.

Following briefing and argument on July 21, 2010, the Bedford County Circuit Court denied Defendants' motion, by order entered August 17, 2010. On August 23, 2010, the trial court entered an order granting Defendants' application for interlocutory appeal pursuant to

---

[1]The Davidson County action was filed by Patsy Freeman in her capacity as personal representative, but not in her individual capacity.

[2]The Davidson County complaint is not contained in the appellate record.

[3]This was an assertion with which the majority in *Freeman I* ultimately disagreed. *See Freeman v. CSX Transportation, Inc.*, No. M2009-02403-COA-RC-CV, 2010 Tenn. App. LEXIS 691, at *8 n.6 and *15 (Tenn. Ct. App. Nov. 3, 2010) *perm. app. pending*.

Rule 9 the Tennessee Rules of Appellate Procedure. In concluding that interlocutory appeal was warranted, the trial court's order stated as follows:

> As this is a case of first impression, there is a need to develop a uniform body of law regarding the interpretation of the Tennessee savings statute found at Tenn. Code Ann. § 28-1-105. No other Tennessee courts to date have been asked to determine if refiling a complaint after the expiration of the statute of limitation following a voluntary non-suit in an improper forum/venue is appropriate in a second and third forum/venue even if the second and third refilings occur within one [] year of the voluntary non-suit. The issue to be resolved is whether Tenn. Code Ann. § 28-1-105 permits more than one refiling to save an otherwise untimely cause of action. Further at issue is whether Plaintiff acted with diligence and good faith under § 28-1-105 by refiling her cause of action in Davidson County, which all parties agree did not have subject matter jurisdiction.

On September 30, 2010, this Court granted Defendants' Rule 9 application.

## II. Issues Presented

We restate Defendants/Appellants' issues as follows:

> (1) Whether the Tennessee savings statute, Tenn. Code Ann. § 28-1-105(a), may be invoked twice within the one year savings period to save otherwise untimely actions.
> (2) Whether Plaintiff/Appellee acted with the diligence and good faith necessary to invoke Tenn. Code Ann. § 28-1-105(a).

Additionally, Appellee has requested that, if we determine her cause of action was not saved by the savings statute, we give such an interpretation prospective effect only.

## III. Analysis

*A. May the Tennessee savings statute, Tenn. Code Ann. § 28-1-105(a), be invoked twice within the one year savings period to save otherwise untimely actions.*

At the outset, we find it useful to set out the relevant dates upon which this case turns, and they are restated as follows:

-4-

(1) April 22, 2003 – Accident occurs
(2) April 12, 2004 – First complaint filed in Rutherford County
(3) April 22, 2004 – One-year statute of limitations expires
(4) April 6, 2009 – Order of voluntary nonsuit entered in Rutherford County as to claims against Defendant Martin[4]
(5) July 24, 2009 – Order of voluntary nonsuit entered in Rutherford County as to remaining claims against Defendant CSX[5]
(6) August 19, 2009 – Second complaint filed in Davidson County
(7) March 25, 2010 – Davidson County case dismissed without prejudice
(8) March 29, 2010 – Third complaint filed in Bedford County

With these dates in mind, we turn next to the applicable Tennessee savings statute, which states as follows:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

Tenn. Code Ann. § 28-1-105(a).

Statutory interpretation presents a question of law. Therefore, our review of the trial court's decision is *de novo* with no presumption of correctness. ***Jordan v. Baptist Three Rivers Hosp.***, 984 S.W.2d 593, 599 (Tenn. 1999). Our primary objective in interpreting

---

[4]While Plaintiff took a voluntary nonsuit in open court on March 30, 2009, Tenn. R. Civ. P. 41.01(3) provides that "[t]he date of entry of the order [of voluntary dismissal] will govern the running of pertinent time periods." *See also **Evans v. Perkey***, 647 S.W.2d 636, 641 (Tenn. Ct. App. 1982) (holding that the one year period provided by the savings statute commences on the date of entry of the order granting the nonsuit and not from the date of filing of the notice of nonsuit). In any event, the delay between the voluntary dismissal and the entry of the order would have no effect in this case.

[5]The same analysis obtains as in note 4, *supra.*

statutes is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). We are to presume that every word in a statute has meaning and purpose and should be given full effect, so long as the obvious intention of the Legislature is not violated by doing so. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we simply apply its plain meaning. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). However, when a statute is ambiguous, we may refer to other sources to determine its meaning. *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008).

The purpose of the Tennessee savings statute is to provide a diligent plaintiff a chance to renew a suit if it is dismissed other than by a judgment on the merits. *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991) (citing *Nashville C. & St. L. Ry. v. Bolton*, 134 Tenn. 447, 455, 184 S.W. 9, 11 (1915)). Thus, it is intended "to aid the courts in administering fairly between litigants without binding them to minor and technical mistakes made by their counsel in interpreting the complexities of the laws of procedure." *Foster v. St. Joseph Hosp.*, 158 S.W.3d 418, 422 (Tenn. Ct. App. 2004) (quoting *Henley v. Cobb*, 916 S.W.2d 915, 917 (Tenn. 1996)). The statute is remedial and is to be construed liberally in furtherance of its purpose. *Balsinger v. Gass*, 214 Tenn. 343, 346, 379 S.W.2d 800, 802 (1964) (citations omitted). However, the statute should not be applied to insulate a plaintiff from its own laches, negligence, or similar fault. *Turner v. Aldor Co.*, 827 S.W.2d at 321.

Appellants advocate a "one bite at the apple" approach under which Appellee may not make serial resort to the savings statute, particularly where Appellee's second and third complaints were each filed outside of the underlying statute of limitations. Appellants argue that Appellee may properly use the savings statute only one time to save an otherwise untimely action, and that after her second complaint was dismissed without prejudice, Appellee had exhausted her remedy under section 28-1-105(a). Appellee, on the other hand, asserts that the savings statute contains no such limitation and that she may refile her action at least a second time within one year of her original nonsuit.

Both parties maintain that the language of the statute itself supports their respective conclusions. Appellants contend that the statute's employment of singular articles, i.e., "commence *a* new action within one (1) year after *the* reversal or arrest," contemplates a singular refiling. *See* Tenn. Code Ann. § 28-1-105(a) (emphases added). Appellee argues that the phrase "from time to time" modifies when a new action may be commenced to provide for multiple refilings, "from time to time," so long as the last one is filed within the one year savings period. *See id.* We agree with the parties that, on its face, the statute appears ambiguous in this respect. While we have found no Tennessee cases specifically

interpreting this particular language for the purpose at hand, we believe that a thorough review of our case law will show that the proper construction of the savings statute is well settled.

As an initial matter, we note that the voluntary dismissal of Appellee's first suit and the subsequent dismissal without prejudice of her second suit yield the same result under the savings statute. It is inconsequential for operation of the savings statute that one is termed a voluntary nonsuit and the other a dismissal without prejudice. The issue is "whether the dismissal was on a ground concluding the plaintiff's cause of action." *Privett v. West Tennessee Power & Light Co.*, 19 F. Supp. 812, 813 (W.D. Tenn. 1937) (citing *Minton v. La Follette Coal, Iron, & R. Co.*, 117 Tenn. 415, 427, 101 S.W. 178, 181 (1907)). In the words of the statute, both the voluntary dismissal and the dismissal without prejudice are judgments not concluding the plaintiff's cause of action. *See* Tenn. Code Ann. § 28-1-105(a). In the words of our Supreme Court, they are inconclusive dismissals. *Balsinger v. Gass*, 214 Tenn. 343, 353, 379 S.W.2d 800, 805 (1964); *see also Payne v. Matthew*, 633 S.W.2d 494, 496 (Tenn. Ct. App. 1982). While the distinction between the two may be relevant to an analysis under Tenn. R. Civ. P. 41.01, discussed in more detail below, it is immaterial under the savings statute.

We now turn our focus to Tennessee cases applying the savings statute. In the long standing case of *Boyce v. Southern Railway Co.*, 5 Tenn. Civ. App. 140, *aff'd* (1914), the court construed section 4446 of Shannon's Code, which is identical in all material respects to current Tenn. Code Ann. § 28-1-105(a). There, the plaintiff: (1) filed suit for the negligent killing of her husband in Putnam County within the statute of limitations; (2) took a voluntary nonsuit after the statute of limitations expired; (3) filed a second suit in Davidson County within one year of her first voluntary nonsuit; (4) was dismissed without prejudice from her second suit; and (5) filed a third suit in Davidson County within one year of the dismissal of her second suit, but more than one year after her first nonsuit. The *Boyce* court determined that the plaintiff's third suit must have been brought within one year of her first nonsuit, and that she was not entitled to successive savings years following each nonsuit. *Id.* at 143. The court, quoting an earlier opinion, affirmatively stated that:

> [T]he statute means obviously, as we think, that, where a suit is brought within the time prescribed by the statute, it may be dismissed and another suit brought within a year thereafter, or half a dozen suits may be brought within the year after the dismissal of the first suit, all preceding ones being dismissed, but all subsequent suits must be brought within a year after the dismissal of the first suit.

*Id.*

The court went on to note that:

> When the first suit was dismissed, plaintiff may bring and dismiss as many suits as she thinks proper within one year after the first suit is dismissed, provided, as we now think, she was without fault in dismissing her different suits. But, in no case, do we think the statute was intended to give her the right to bring a suit after the expiration of one year from the dismissal of the suit first instituted. We think the plain meaning of this statute is, that when an action is instituted and the plaintiff voluntarily dismisses it, or takes a non-suit, such plaintiff may then, within one year after such dismissal or non-suit, institute a new suit for the same cause of action, but when that is done, the right, under this statute, has been exhausted.

*Id.*

Thus, the plaintiff in ***Boyce*** could not maintain her cause of action because the third iteration of her suit was filed outside of the one-year savings period running from the dismissal of her first suit. While perhaps stated in dicta, one can infer from ***Boyce*** that the plaintiff's third suit would have been appropriate if it had been brought within one year of the first nonsuit, notwithstanding the fact that both her second and third suits were brought outside of the statute of limitations.

The Tennessee Supreme Court was faced with a similar case in ***Reed v. Cincinnati N.O. & T.P. Ry. Co.***, 136 Tenn. 499, 190 S.W. 458 (1916). In ***Reed***, the plaintiff: (1) filed suit for personal injuries in Rhea County within the statute of limitations; (2) took a voluntary nonsuit after the statute of limitations expired; (3) filed his case a second time in federal court within days of his first nonsuit; (4) took a voluntary nonsuit of the federal action; (5) refiled his case a third time in Hamilton County within one year of his second nonsuit, but more than one year after his first nonsuit. The plaintiff in ***Reed*** again contended that the Tennessee savings statute allowed him an unlimited number of new one-year savings periods within which to refile his case after each successive non-merits dismissal. The ***Reed*** court rejected the plaintiff's contention and held that the statute did not provide for the indefinite succession of suits upon the same cause of action. ***Reed***, 190 S.W. at 458-59. Thus, in ***Reed***,

our Supreme Court reached the same result as the court in ***Boyce***.[6]  In reaching its conclusion, the ***Reed*** court noted that:

> The statute was clearly intended for the benefit of a plaintiff whose case had for some reason, for which he should not be made to suffer, been dismissed without a hearing on the merits, and we think the true construction of the act is, as stated in [***Memphis & C. R. Co. v. Pillow***, 56 Tenn. 248, 1872 WL 3851 (1872)], that the new suit, *or any subsequent suit*, must be instituted within one year after the termination of the action that was brought 'within the time limited' by the statute of limitations.

***Reed***, 190 S.W. at 459. (Emphasis added).

Likewise, in ***Young v. Cumberland Grocery Co.***, 15 Tenn. App. 89, 1932 Tenn. App. LEXIS 78 (1932), the court applied ***Boyce*** and ***Reed*** to save a plaintiff's cause of action.  In ***Young***: (1) the plaintiff filed suit in Jackson County for personal injury within the statute of limitations; (2) the suit was dismissed not on the merits; (3) the plaintiff filed suit in Clay County still within the statute of limitations and within one year of the first dismissal; (4) the second suit was dismissed not on the merits; (5) the plaintiff refiled a third time, outside of the statute of limitations, but within one year of the first nonsuit.  The court held that the action, "having been instituted within twelve months after the dismissal of the first suit [in] Jackson county, comes within the [savings] statute . . . and is not barred." ***Young***, 15 Tenn. App. at 96.

While we note that in ***Young***, only the third complaint was filed outside of the statute of limitations, it appears from these cases that multiple refilings were permitted so long as each was filed within one year of the first non-merits dismissal.  In ***Turner v. N.C. & S.T. L. Railway***, 199 Tenn. 137, 285 S.W.2d 122 (1955), the plaintiff had two non-merits dismissals after the statute of limitations expired, the second complaint being filed within one year of the first dismissal, and the third complaint being filed within one year of the second dismissal but more than one year from the first dismissal.  ***Turner***, 285 S.W.2d at 123.  The court, applying ***Reed*** and ***Boyce***, concluded that the third case was barred because it came more than one year from the taking of the first nonsuit.  ***Id.*** at 123-24.  In doing so, the court

---

[6]We note that the procedural history of ***Reed*** is substantially similar to that found in ***Boyce***.  For reasons unclear to this Court, the ***Reed*** court believed it was faced with a matter of first impression and did not cite ***Boyce*** in reaching its decision.  *See **Reed***, 190 S.W. at 458; *see also **Turner v. N.C. & S.T. L. Ry.***, 199 Tenn. 137, 141, 285 S.W.2d 122, 124 (1955).  Nevertheless, the two courts reached the same result.

quoted **Reed** (quoting **Pillow**, *supra*) "that the new suit, *or any subsequent suit*, must be instituted within one year after the termination of the action that was brought 'within the time limited' by the statute of limitations." **Id**. at 123. (Emphasis added). We note that, while the plaintiff was ultimately barred, **Turner** presented a situation in which the second and third suits were filed after the statute of limitations had expired, and this fact again had no bearing on the court's decision.

The case of **Balsinger v. Gass**, 214 Tenn. 343, 379 S.W.2d 800 (1964), provided our Supreme Court with yet another opportunity to construe the savings statute in a case involving three successive suits. In that case, the plaintiff: (1) filed his first suit within the statute of limitations; (2) took a voluntary nonsuit within the statute of limitations; (3) refiled his case a second time prior to the expiration of the statute of limitations; (4) took a nonsuit of his second case after the statute of limitations expired; and (5) refiled his case a third time more than one year after the nonsuit of his first case, but within one year of the nonsuit of his second case, the second case having been refiled within the statute of limitations. The trial court dismissed the plaintiff's third case as time-barred, and the Court of Appeals affirmed the dismissal. Relying on **Boyce, Reed**, and **Turner**, the Supreme Court reversed, holding that the Plaintiff's third case was timely filed "within one year after a voluntary nonsuit was taken in an action [Plaintiff's second case] which was 'commenced within the time limited by a rule or statute of limitation.'" **Balsinger**, 379 S.W.2d at 805. Thus, **Balsinger** modified the holdings of **Boyce**, **Reed**, and **Turner** to the extent that the one-year savings period is to be measured from the last non-merits dismissal of a case brought within the statute of limitations. **Id**; *See also* **Olsmith v. Yellow Freight Systems, Inc.**, 957 F. Supp. 128, 130 (M.D. Tenn. 1997); **Logan v. Whitmore**, No. 02A01-9204-CV-00098, 1992 WL 195956, at *2 (Tenn. Ct. App. Aug. 17, 1992).

From these long standing cases, we can glean a few inferences. First, multiple refilings were presumed permitted under the savings statute, provided that they were filed within the applicable savings year. Second, the fact that a second or third filing occurred after the underlying statute of limitations expired did not, in and of itself, bar resort to the savings statute.

In 1970, this state adopted the Tennessee Rules of Civil Procedure. These rules and the cases interpreting them, also bear on our decision today. Specifically, Tenn. R. Civ. P. 41.01(2) states that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim."

This Court analyzed the interplay between Tenn. R. Civ. P. 41.01(2) and Tenn. Code Ann. § 28-1-105 in the case of **Payne v. Matthews**, 633 S.W.2d 494 (Tenn. Ct. App. 1982).

In that case: (1) the plaintiff filed his original complaint within the statute of limitations; (2) the trial court dismissed this complaint without prejudice; (3) the plaintiff refiled his case outside of the statute of limitations but within one year of the non-merits dismissal of the first case; (4) the plaintiff took a voluntary nonsuit of his second case; and (5) the plaintiff refiled his cause of action a third time within one year of the voluntary nonsuit of his second case, but more than one year after the dismissal of his first case.[7]

While the bare facts of **Payne** are similar to those in **Boyce, Reed,** and **Turner**, the plaintiff's argument differed in that he asserted Tenn. R. Civ. P. 41.01(2) only barred his cause of action after a third voluntary dismissal.[8] **Payne**, 633 S.W.2d at 495. Thus, the issue presented in **Payne** was whether Tenn. R. Civ. P. 41.01(2), which allows for two voluntary dismissals before an action is barred, in any way affects the time within which a plaintiff can refile its case following a non-merits dismissal. **Id.** at 495. The court determined that it did not, stating:

> We must therefore hold that T.C.A. Sec. 28-1-105 addresses itself to time while Rule 41.01 of the Tennessee Rules of Civil Procedure addresses itself to the number of dismissals (nonsuits) that can be taken. There is no conflict between the statute and the rule.
>
> While Rule 41.01 T.R.C.P. gives a litigant the right to take two voluntary nonsuits, this right is subject to the provisions "of any statute," namely T.C.A. 28-1-105.
>
> It is clear from the above authorities that regardless of how an inconclusive dismissal of an action is had, in order for a suit to survive, it must have been filed within one year of the date of dismissal of the original action. . . .

**Payne**, 633 S.W.2d at 496.

The plaintiff's case in **Payne** was ultimately barred because his third suit was filed

---

[7]Again, we note that both the second and third complaint in **Payne** were filed after the statute of limitations period had expired, and this fact passed without comment from the court.

[8]Citing **Reed**, the **Payne** court noted that "[i]t has long been held that after the taking of any nonsuit to the original action, *any additional suits* would have to be filed within one year of the first nonsuit." **Payne**, 633 S.W.2d at 495-96. (Emphasis added).

more than one year after the dismissal of his first suit, which was the only suit filed within the statute of limitations. Thus, ***Payne*** reaffirmed the holdings of ***Boyce, Reed, Turner,*** and ***Balsinger***, to the effect that the savings statute limits the time period within which a plaintiff can refile its case to a single one-year period following the non-merits dismissal of the last case filed within the applicable statute of limitations.[9] Furthermore, ***Payne*** holds that it is Tenn. R. Civ. P. 41.01(2) which limits the number of times a plaintiff can voluntarily dismiss its case, and it is Tenn. Code Ann. § 28-1-105 which limits the time within which a plaintiff can refile to one year. Operating together, the ***Payne*** court found no conflict between the statute and the rule. Thus, ***Payne*** indicates that a plaintiff may refile its case multiple times within the one-year period provided by Tenn. Code Ann. § 28-1-105 following the first non-merits dismissal of the last case filed within the statute of limitations, except that once a plaintiff has taken two voluntary dismissals, a third operates as an adjudication upon the merits.

We believe that the 2006 Advisory Commission Comment to Rule 41.01(2) clarifies this interpretation:

> Although Rule 41.01(2) allows two nonsuits without prejudice, a plaintiff must carefully consider the *separate* issue of whether the savings statute, T.C.A. § 28-1-105, authorizes a recommencement of the plaintiff's action after a nonsuit. A plaintiff should note that taking a second nonsuit, which is permitted by Rule 41.01(2), does not initiate a second one-year period for recommencing the action under the savings statute. . . .

Tenn. R. Civ. P. 41, Advisory Commission Comments (2006) (italics in original).

Appellants refer us to ***Hunt v. Shaw***, 946 S.W.2d 306 (Tenn. Ct. App. 1996), and, specifically, the following language from that case:

> Under the ***Payne*** case, the plaintiffs in the instant action lost the ability to "breath" timeliness into the second lawsuit when it was dismissed. The first lawsuit had used up the plaintiffs' rights under the applicable statute of limitations, and the dismissal of the second lawsuit deprived the plaintiffs of ever again relying

---

[9]*See also* Lawrence A. Pivnick, <u>Tennessee Circuit Court Practice</u>, Vol. 1, § 1:9 at n.15 (2010) ("the statute does not save an action filed after the running of the original statute of limitations, which itself was saved by the saving statute, unless the action is filed within one-year from the date of the nonmerits dismissal of an action filed within the original statute of limitations.")

upon the savings statute. Once the second lawsuit was dismissed, there was nothing left for which the statute of limitations could be tolled. Rule 3 does not change this result.

Followed to its logical conclusion, the plaintiffs' interpretation of Rule 3 could result in a series of lawsuits, each of which is relied upon under the rule to validate the preceding suit. This result is so inconsistent with the well-established concept of only one filing under the savings statute as to render the plaintiffs' interpretation nonsensical.

*Id.* at 308.

After reviewing *Hunt*, we believe that Appellants have misconstrued this language, and that *Hunt's* holding, in fact, supports Appellee's position. In *Hunt*, the plaintiffs: (1) filed their original complaint within the statute of limitations; (2) took a voluntary nonsuit after the statute of limitations had expired; (3) refiled their suit a second time within one year of the first nonsuit; (4) were dismissed without prejudice; and (5) refiled their suit a third time more than one year after the original nonsuit. The *Hunt* plaintiffs attempted to circumvent the savings statute by arguing that under Tenn. R. Civ. P. 3, which at the time allowed a plaintiff to "recommence[] the action within 1 year from issuance of the original process"[10], they could keep their lawsuit "alive" by filing a new lawsuit within one year of the issuance of process in the second lawsuit. *Hunt*, 946 S.W.2d at 308. In other words, the *Hunt* plaintiffs argued that because their third lawsuit had been filed within one year of the issuance of process in their second lawsuit, it was timely "recommenced" under Tenn. R. Civ. P. 3.

This factual background is necessary to understand the context in which the *Hunt* court made the above-quoted statements. The actual holding of *Hunt*, merely reiterates the long-held rule that because the plaintiffs' third lawsuit was filed more than one year from the original nonsuit, the action was barred. *Id.* at 307-08. The *Hunt* court, quoting *Payne*, stated that "it has long been held that after the taking of any nonsuit to the original action, *any additional suits* would have to be filed within one year of the first nonsuit to be within the purview of T.C.A. Sec. 28-1-105." *Hunt*, 946 S.W.2d at 308 (emphasis added). With this additional context in mind, we believe that Appellants reliance on *Hunt* is misplaced.

The parties have also referred us to authority in other jurisdictions construing similar,

---

[10]This recommencement provision was eliminated from Tenn. R. Civ. P. 3 by amendment effective July 1, 1995. *See Hunt v. Shaw*, 946 S.W.2d 306, 308 n.4 (Tenn. Ct. App. 1996).

though not always identical, savings statutes. *See, e.g., Sylvester v. Steinberg*, 505 N.E.2d 28 (Ill. App. Ct. 1987)*; Arceo v. Tolliver*, 19 So.3d 67 (Miss. 2009); **U.S. Fire Ins. Co. v. Swyden**, 53 P.2d 284 (Okla. 1935); *but see* **Shircliff v. Elliott**, 384 F.2d 947 (6th Cir. 1967); **Sharp Bros. Contracting Co. v. Westvaco Corp.**, 817 P.2d 547 (Colo. App. 1991). While these cases are not uniform, we believe that they are instructive. Appellants first direct us to the case of **U.S. Fire Insurance Co. v. Swyden**, 53 P.2d 284 (Okla. 1935), in which the court stated:

> We must remember that the grace period is not a release of the original limitation, nor even an extension thereof for all purposes, but is only a conditional, limited extension granted plaintiff because the suit which he did file in time, consumed some time in court before dismissal, carrying him beyond the original limitation date, possibly without any fault of his own. That he could file and dismiss as often as he desired within the original period of limitation has nothing to do with it, for at that time there was no bar at all. Once, however, he passes the bar he is on the law's own time, and is permitted to ignore the statute only by virtue of legislative exception especially created for the occasion. Thus, good reason appears to support the general rule and interpretation of such statutes, to the effect that the legislatures of the various states, in extending litigants the privilege of filings actions out of time, mean just what they express by the words "commence a new action," and that they do not thereby intend that plaintiffs may file as many new actions as they desire, all within the year.

**U.S. Fire**, 53 P.2d at 288.

It must be noted however, that the Oklahoma savings statute construed in **U.S. Fire** differs from Tenn. Code Ann. § 28-1-105, in one critical respect, in that the former omits the phrase "from time to time." Other courts have noted that the phrase "from time to time" is an important modifier to the phrase "commence a new action." In **Hunter v. Ward**, 15 F.2d 843 (8th Cir. 1926), the federal appellate court construed the Arkansas savings statute to permit only one refiling.[11] However, the court found significant that the Arkansas statute's

---

[11]In **Hunter**, the Eighth Circuit found no controlling decision by the Arkansas Supreme Court. **Hunter**, 15 F.2d at 843. However, the **Hunter** court appears to have overlooked the case of **Dressler v. Carpenter**, 107 Ark. 353, 155 S.W. 108 (Ark. 1913) which reaches an opposite result ("It is true that the
(continued...)

amended form omitted the phrase "from time to time," which had been found in earlier forms.  *Id.*  The court reasoned that "[t]his change apparently reveals the legislative intent to limit the bringing of new suits to one suit after the governing limitation expires and within one year from disposal of the last suit."  *Id.* at 844.

Likewise, in *Cady v. Harlan*, 442 S.W.2d 517 (Mo. 1969), the Supreme Court of Missouri construed that state's savings statute and held that, as is the case in Tennessee, the Missouri savings statute did not permit successive savings years.  *Id.* at 520.  However, the court noted in dicta that "it would appear that the phrase 'from time to time, within one year after such nonsuit' may bear on the question of whether the plaintiff is limited to bringing a single action within the one-year period or whether more than one suit might be filed in the year provided."  *Id.*  The court reasoned that if the savings statute limited a plaintiff to one refiling within the savings year, as the court did in *U.S. Fire*, then "the phrase 'from time to time' would serve no apparent purpose.  We believe the better view is that the inclusion of that phrase permits more than one action to be filed, so long as the first as well as any subsequent suit is brought within the single one-year period provided by the statute after a nonsuit."  *Id.*; *see also Korman v. Lefholz*, 890 S.W.2d 771, 774 n.3 (Mo. Ct. App. 1995).

We find this reasoning persuasive.  Other states have enacted savings statutes which unmistakably impose a "one bite at the apple" rule on plaintiff's seeking to refile their suit after a voluntary dismissal and outside of the statute of limitations.  *See, e.g., White v. KFC Nat'l Mgmt. Co.*, 229 Ga. App. 73, 74, 493 S.E.2d 244, 245 (Ga. Ct. App. 1997) ("'[T]his privilege of renewal shall be exercised only once.'") (quoting Ga. Code Ann. § 9-2-61(a)); *see also* Utah Code Ann. § 78B-2-111(2) ("[A] new action may be commenced under this section only once.").  If the Legislature intended to limit the number of times that a plaintiff may refile within the savings year, it would have been a simple thing to do.  *See Hebertson v. Bank One, Utah, N.A.*, 995 P.2d 7, 11 (Utah Ct. App. 1999) (applying Utah Code Ann. § 78-12-40 (1996); *but see* Utah Code Ann. § 78B-2-111 (as amended in 2008).  In the absence of direction by the Legislature, we see little reason to prohibit that which the savings statute does not.

With these authorities in mind, we believe that Tenn. Code Ann. § 28-1-105(a) does not restrict a plaintiff from filing multiple lawsuits within one year of its last non-merits

---

[11](...continued)
statute reads that, after the plaintiff suffer[s] a nonsuit, he may commence 'a new action within one year after such nonsuit," but this does not mean that he can only institute one action.  The proper construction of it is that any action brought by him . . . within one year after the dismissal of the former action, is not barred."  *Id.* at 110.).

dismissal of a suit filed within the statute of limitations.[12] This general rule is limited in number only by Tenn. R. Civ. P. 41.01, which sets the number of voluntary dismissals that can be taken without prejudice at two. Appellants contend that this case differs from those previously cited because both Appellee's second and third suits were filed after the underlying statute of limitations period expired. While we concede that no previous Tennessee case reached the holding that we do today on identical facts, we believe that Appellants ultimately raise a distinction without a difference. As noted in detail above, the filing of multiple suits within the savings year, even when such refilings take place after the expiration of the statute of limitations, is a practice of long-standing in Tennessee, which has gone unchallenged by the courts or the Legislature. Furthermore, we cannot discern a reason why this practice should change.

Appellants contend that allowing multiple refilings within a single savings year would lead to interminable and expensive litigation in multiple forums, such as in the instant case. We cannot agree with Appellants' assertion. In this case, Appellee's third complaint, filed in Bedford County on March 29, 2010, came after nearly six years of litigation, the vast majority of which took place in the original venue, Rutherford County. The time and expense spent litigating this case is not solely a function of Appellee's second resort to the savings statute.

More generally, a plaintiff has little interest in filing multiple unproductive actions and incurring multiple filing fees. *See Hebertson v. Bank One, Utah, N.A.*, 995 P.2d 7, 12 (Utah Ct. App. 1999). The savings statute will not protect a plaintiff from its own laches, negligence, or similar fault. *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991). Furthermore, a plaintiff or attorney may also be sanctioned under Tenn. R. Civ. P. 11.02(1) for filing a complaint "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

We note as an elementary matter that the savings statute can *only* save an action that is filed outside of the statute of limitations. *See Balsinger v. Gass*, 214 Tenn. 343, 353, 379 S.W.2d 800, 805 (1964). An action that is nonsuited and refiled within the statute of limitations is not "saved" by the savings statute; it is simply filed as any other case within the limitations period. *See id.*

---

[12]*See also Creed v. Valentine*, 967 S.W.2d 325 (Tenn. Ct. App. 1997) ("It is well-settled that all subsequent suits filed after the first suit is dismissed for any reason not concluding the plaintiff's cause of action must be brought within one year from the first dismissal" and "this general rule is subject to one exception. If a second or subsequent suit is filed within the original period of limitations, a party has one year under the saving statute to refile from the date of dismissal of the last suit filed within the applicable statute of limitations." *Id.* at 325 and n.1)

The savings statute is limited to actions not resolved on their merits and only applies when an action was originally brought within the statute of limitations. Under any reading of the savings statute, a defendant's liability from a potential refiling following a non-merits dismissal extends for one year. If a plaintiff may wait until the last day of the savings year to refile its case, we see little reason why the savings statute should not also allow intervening suits within that same year. This is especially true considering that the purpose of the savings statute is to provide a diligent plaintiff with the opportunity to have its case heard on the merits. *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991). Interpreting the savings statute in this manner does not extend a defendant's liability beyond what the statute provides for, and merely gives a plaintiff its intended grace period.

Appellants would have us construe the savings statute to limit the number of refilings within the savings year to one after the statute of limitations expires. However, particularly when considered in conjunction with Tenn. R. Civ. P. 41.01, which allows a plaintiff two voluntary dismissals, and, inferentially, at least two refilings, Appellants' interpretation seems illogical. Under Appellants' interpretation of the savings statute, and allowing for the provision of two nonsuits pursuant to Rule 41.01(2), a plaintiff would be allowed two refilings only if one of them came before the statute of limitations had expired.

However, as discussed above, when a lawsuit is filed, nonsuited, refiled, and nonsuited again all within the underlying statute of limitations, the savings year begins to run from the second nonsuit, i.e., the last nonsuit of a complaint filed within the statute of limitations. *Balsinger*, 379 S.W.2d at 805. Thus, under Appellants' interpretation, Tenn. R. Civ. P. 41.01(2) would only provide a plaintiff with two "free" nonsuits if one of them were taken before the statute of limitations had expired.[13] This construction strains common sense, and we believe that if such a technical rule were intended by the Legislature, it would have been more clearly stated. In the absence of statutory language to this effect, we decline to adopt Appellants' interpretation and impose on the statute such an artificial limitation. *See, e.g., Logan v. Whitmore*, No. 02A01-9204-CV-00098, 1992 WL 195956, at *1 (Tenn. Ct. App. Aug. 17, 1992).

In sum, we conclude that Appellee's instant suit is not barred by the statute of limitations. Rather, the Tennessee savings statute, Tenn. Code Ann. § 28-1-105(a), operates to save Appellee's suit, even though her third suit was the second one filed during the savings year and after the statute of limitations expired. Therefore, we affirm the judgment of the lower court in this respect.

---

[13]We note that Tenn. Code Ann. § 28-1-105 measures the running of the one-year savings period from the date of the non-merits dismissal, not the date the statute of limitations expires.

*B. Whether Plaintiff/Appellee acted with the diligence and good faith necessary to invoke Tenn. Code Ann. § 28-1-105.*

Appellants' second issue in this Tenn. R. App. P. 9 appeal asks whether Appellee acted with the diligence and good faith necessary to invoke Tenn. Code Ann. § 28-1-105. If proven, this argument may bar Appellee's resort to the savings statute. For the reasons discussed below, we affirm the judgment of the trial court.

It is not clear from the appellate record the extent to which the parties litigated the issue of diligence and good faith in the trial court. The issue appears to have been raised by Appellants' application for a hearing pursuant to Tenn. R. Civ. P. 12.04; however, that application does not specifically delineate the issue. Nevertheless, it appears to have been raised and litigated, because both Appellants' memorandum of law in support of its Rule 12.04 application, and Appellee's response, briefed the issue. It likewise appears that the issue of diligence and good faith was argued by counsel at the July 21, 2010 hearing. The trial court's order denying Appellants' request for a dismissal pursuant to Rule 12.04, however, does not specify the issues decided.

Critically, however, there is no evidence in the record regarding Appellee's lack of diligence or good faith. Appellants would have us find, as a matter of law, that Appellee's actions in pursuing her cause of action demonstrated bad faith or negligence. We decline do to so on the record before us. We simply cannot say as a matter of law that filing a lawsuit in one venue and taking a nonsuit, then refiling in a second venue and being dismissed without prejudice, should necessarily preclude the filing of a third action in a third venue. If Appellants wished to prove that Appellee lacked good faith or diligence in pursuing her claims, it was incumbent on them to offer evidence beyond the filings themselves.

## IV. **Conclusion**

For the reasons discussed above, we affirm the order of the trial court. Appellee's suit is not barred by Tenn. Code Ann. § 28-1-105(a), and Appellants have not offered evidence that her actions in pursuing this matter lacked diligence or good faith, and we decline to so rule as a matter of law. All other issues are pretermitted. Costs of this appeal are taxed against Appellants, and their surety.

_____
J. STEVEN STAFFORD, JUDGE